1999 SD 92

**Robert WISSINK, Plaintiff and Appellant,**

v.

**Mace VAN DE STROET, Carol Van De Stroet and Rapid City Town House Motel, Inc., Defendants and Appellees.**

**No. 20839.**

Supreme Court of South Dakota.

Considered on Briefs June 1, 1999.

Decided July 21, 1999.

Michael F. Marlow and Sheila S. Woodward of Johnson, Heidepriem, Miner, Marlow & Janklow, Yankton, for plaintiff and appellant.

Mark V. Meierhenry and Robin Jacobson Houwman of Danforth, Meierhenry & Meierhenry, Sioux Falls, for defendants and appellees.

MILLER, Chief Justice.

[¶ 1.] In this appeal we hold that the trial court erred when it granted summary judgment dismissing a claim on the grounds that it was barred by the applicable statute of limitations. We reverse and remand.

## FACTS

[¶ 2.] On March 1, 1980, Robert Wissink and Gerald Svoboda entered into a lease/option and contract for deed to purchase the Town House Motel in Rapid City, South Dakota, from William and Mary McClenahan. The agreement provided the option of purchasing the motel, with a portion of the lease payments to be applied to the purchase price.

[¶ 3.] On the day prior to the execution of the agreement, Wissink and Svoboda entered into a management agreement with Willis and Eileen Peterson, whereunder Petersons agreed to manage the motel from March 1, 1980 to March 1, 1983. In exchange for such management, Petersons were to receive one-half of the rights and interests in the option agreement. This resulted in Wissink and Svoboda each retaining a 50% ownership interest of the lease and a 25% ownership share of the option.

[¶ 4.] On July 7, 1980, Svoboda conveyed his title and interest in the lease/option agreement and contract for deed to Wissink. Thereafter, on February 24, 1981, Wissink conveyed his title and interest in the motel to Mace and Carol Van De Stroet (hereinafter referred to individually or collectively as Van De Stroets) for $30,-000. The contract for the sale of the property was recorded in Pennington County, South Dakota.

[¶ 5.] In conjunction with the contract for sale, the parties signed a document titled "Effective on March 1, 1981—Concerning the Town House Motel Rapid City, South Dakota." The document stated that

[a]lso part of the arrangement that is not recorded is that as soon as Mace Van De Stroet has taken $30,000 out of the operation, half of what he has reverts back to Robert Wissink. At that time Mace will own 25% of the option and Robert will own 25% of the option. Mace will own 50% of the lease and Robert will own 50% of the lease. Also until Mace receives $30,000 Robert will take no money out.

This document was not recorded and was not referenced in the recorded sale contract.

[¶ 6.] In April 1983, Van De Stroets and Petersons exercised the option to purchase the property, with Petersons purchasing a 30% ownership interest and Van De Stroets purchasing a 70% ownership interest. Wissink was not listed as a partner or as an owner of the property. Nonethe-

less, he continued to receive financial information concerning the motel property through 1991.[1]

[¶ 7.] In 1995, Petersons and Van De Stroets formed a corporation, Rapid City Town House Motel, Inc., whose only asset was the motel. Wissink was not a shareholder in the corporation. It was also in 1995 (on June 15) that Van De Stroets, for the first time, withdrew money from the business. In 1996, Petersons and Van De Stroets sold the motel to a third party.

[¶ 8.] On March 6, 1998, Wissink filed suit against Van De Stroets, claiming breach of contract, conversion, unjust enrichment (constructive trust), and breach of partnership obligations. He also made a claim for punitive damages. Van De Stroets moved to dismiss the action. The trial court treated the motion as a motion for summary judgment and dismissed Wissink's claim as barred by the applicable statute of limitations. Wissink appeals.

## STANDARD OF REVIEW

[¶ 9.] Our review of a trial court's granting of summary judgment is well settled.

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court,

affirmance of a summary judgment is proper.

*Millard v. City of Sioux Falls,* 1999 SD 18, ¶ 8, 589 N.W.2d 217, 218 (quoting *Walther v. KPKA Meadowlands Ltd. Partnership,* 1998 SD 78, ¶ 14, 581 N.W.2d 527, 531 (citation omitted)). Further, "[i]n response to a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations[.]" *Strassburg v. Citizens State Bank,* 1998 SD 72, ¶ 5, 581 N.W.2d 510, 513 (citations omitted); *Conway v. Conway,* 487 N.W.2d 21, 23 (S.D.1992). "Summary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact." *Greene v. Morgan, Theeler, Cogley & Petersen,* 1998 SD 16, ¶ 6, 575 N.W.2d 457, 459 (citing *Kurylas, Inc. v. Bradsky,* 452 N.W.2d 111, 113 (S.D.1990)).

## DECISION

[¶ 10.] **The trial court improperly granted Van De Stroets' motion for summary judgment.**

[¶ 11.] This Court has recognized that, generally, statute of limitations questions are left for the jury. *Strassburg,* 1998 SD 72, ¶ 7, 581 N.W.2d at 513 (citing *Greene,* 1998 SD 16, ¶ 6, 575 N.W.2d at 459 (citations omitted)). However, "[d]eciding what constitutes accrual of a cause of action ... entailing statutory construction presents an issue of law." *Id.* (citing *Bosse v. Quam,* 537 N.W.2d 8, 10 (S.D. 1995) (citation omitted)). Here, our task is to determine whether the statute of limitations barred Wissink's claim; thus, we must determine whether any genuine issue

---

1. Van De Stroets claim that sending financial information to Wissink regarding the motel was their accountant's error.

of material fact exists regarding the date of accrual. *Id.*

[¶ 12.] Both parties agree that SDCL 15–2–13 sets forth the applicable statute of limitations period. The statute provides:

> Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:
>
> (1) An action upon a contract, obligation, or liability, express or implied[.]

[¶ 13.] Wissink claims that, according to the terms of the March 1 Town House Motel Agreement, he could possess no interest in the Town House Motel until Van De Stroets withdrew $30,000 from the business. Therefore, no breach of the agreement and, thus, no accrual of the action could have occurred until after Van De Stroets' June 1995 withdrawal of funds. On the other hand, Van De Stroets claim that the action accrued in 1983, when Wissink failed to exercise the option to purchase the property. In the alternative, they argue that, if the action did not accrue in 1983, it accrued after 1991, the date when Wissink no longer received financial information concerning the motel. They claim that either date results in the same conclusion: Wissink's claim is barred by SDCL 15–2–13.

[¶ 14.] The trial court determined that "it is likely" that Wissink's cause of action accrued in 1983, when Van De Stroets and Petersons exercised the option to purchase the property. However, the court further stated that Wissink's action accrued at the latest during 1991; thus, his breach of contract claim was barred by the applicable statute of limitations. We disagree with the trial court's determination.

[¶ 15.] An action accrues when "the plaintiff has actual notice of a cause of action or is charged with notice." *Strassburg,* 1998 SD 72, ¶ 10, 581 N.W.2d at 514; *see* SDCL 17–1–2;[2] SDCL 17–1–3;[3] *see also Haberer v. First Bank,* 429 N.W.2d 62, 68 (S.D.1988) (quoting *Myers v. Clayco State Bank,* 687 S.W.2d 256, 263 (Mo.App. 1985) (citation omitted)) (stating "a claim accrues ... when a person 'has some notice of his cause of action, an awareness either that he has suffered an injury or that another person has committed a legal wrong which ultimately may result in harm to him' "). Here, the parties dispute when Wissink received notice of his cause of action. Wissink claims Van De Stroets' withdrawal of money from the business was the event that triggered his notice. Van De Stroets claim that Wissink should be charged with having received notice of his cause of action in 1983 or, at the latest, 1991. Clearly, this disputed time of notice is sufficient to establish that genuine issues of material fact still exist regarding the date of accrual. As such, the question of the applicability of the statute of limitations should have been presented to a jury. "Summary judgment is, therefore, improper where there is a *dispute of material fact* which would affect the application of the statute of limitations." *Keegan v. First Bank,* 519 N.W.2d 607, 611 (S.D. 1994) (citing *Schoenrock v. Tappe,* 419 N.W.2d 197, 200 (S.D.1988)).

[¶ 16.] Reversed and remanded.

[¶ 17.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

---

2. SDCL 17–1–2 defines actual notice as "express information of a fact."

3. SDCL 17–1–3 defines constructive notice as "notice imputed by the law to a person not having actual notice."