2001 SD 59

**Dawn COOPER, Plaintiff
and Appellant,**

v.

**Timothy L. JAMES, Defendant
and Appellee.**

No. 21580.

Supreme Court of South Dakota.

Considered on Briefs March 19, 2001.

Decided May 16, 2001.

Rick Johnson of Johnson, Eklund, Nicholson, & Peterson, Gregory, Attorneys for plaintiff and appellant.

Wanda Howey–Fox of Harmelink and Fox, Yankton, Attorneys for defendant and appellee.

SABERS, Justice.

[¶ 1.] Dawn Cooper brought suit against her former attorney Timothy James. The trial court granted summary judgment to James finding that no genuine issue of material fact existed for jury determination on the expiration of the statute of limitation. As genuine issues of material fact exist as to the time the representation of Cooper ended or whether James was estopped from asserting the statute of limitation defense, we reverse and remand.

## FACTS

[¶ 2.] Cooper brought suit against James for intentional infliction of emotional distress, violation of fiduciary obligations and negligent handling of her divorce action. James moved to dismiss the action based on expiration of the three-year statute of limitation. In a motion for summary judgment, the trial court found that the three-year statute of limitation began to run on October 18, 1995, and that Cooper failed to properly serve James un-

til October 26, 1998. Cooper appeals contending that the trial court erred in determining that no genuine issue of material fact existed as to whether James continued to represent Cooper after October 17, 1995. Viewed in the light most favorable to Cooper, the nonmoving party, the facts are as follows.

[¶ 3.] Cooper retained James to represent her in her divorce from Dr. Calvin Sprik. During the course of that representation, Cooper and James began having a sexual relationship. James referred Cooper to a counselor, Dr. Peterson–Sandbulte, who was to testify as an alimony witness in the divorce trial. During these counseling sessions, Cooper revealed her affair with James. The counselor informed James that she knew of the sexual relationship and if called to the stand would reveal the relationship if asked about it.*

[¶ 4.] Thereafter, James drafted a settlement agreement with Cooper's former husband, Sprik. This settlement agreement provided Cooper with approximately half of the couple's assets. This settlement agreement was signed on September 19, 1995. On October 16, 1995, James received a letter from Sprik's attorney with documents that needed to be executed to finalize the divorce. On October 17, 1995, James wrote a letter to Cooper indicating:

> Enclosed please find a copy of a letter which I received from Bill Klimisch dated October 16, 1995. Along with the letter also find enclosed documents which need to be executed by you and returned to our office so that I may then forward them on to Bill Klimisch. As the letter states, upon receipt of these documents, a check will then be disbursed. If you have any questions, please contact our office and I will walk you through these documents for your signature . . .

> I inquired about the additional items and Kevin informs me that you agreed to be cashed out except for the specific items that you had identified in the agreement. These items do not appear to be ones that were on that list in the agreement. If you wish to argue that you were entitled to these items, please let me know and we will schedule a hearing. It is necessary for you to advise us how you wish to proceed due to your previous request that we cease any legal efforts because you do not wish to incur any additional attorney fees.

The trial court found that "any claim that [Cooper] may have had expired when the statute of limitation expired on October 18, 1998." By its reasoning, the mailing of the October 17, 1995 letter constituted the end of James representation. Cooper asserts through affidavit testimony that the representation continued until at least December of 1995.

[¶ 5.] A copy of the summons and complaint were mailed to James for his signature or admission of service on May 11, 1998. James retained counsel who began exchanging documents with Cooper's attorney concerning the representation during the divorce action. James' counsel agreed to have James deposed on October 22, 1998. However, on October 21, 1998,

---

* In her affidavit Dr. Peterson–Sandbulte stated:

> I informed him that I would testify at the divorce trial but if asked I would reveal my knowledge of his sexual relationship with [Cooper]. I informed him that [Cooper's] records from River Oaks Hospital, where I had referred [Cooper] for in-patient treat-ment, also documented the sexual relationship between them. There was complete silence on the phone. Eventually[,] Mr. James said "it's not true," or words to that effect. After I informed him that I believed her, the conversation ended.

James' attorney canceled the deposition and claimed inadequate service. James was later properly served on October 26, 1998. Cooper claims James should be estopped from claiming the statute of limitation bars recovery. The trial court granted James summary judgment finding that the statute of limitation had expired. Cooper appeals raising two issues.

## STANDARD OF REVIEW

[¶ 6.] Our standard of review for summary judgment is well established:

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Lamp v. First Nat'l Bank of Garretson,* 496 N.W.2d 581, 583 (S.D.1993) (citation omitted).

[¶ 7.] Additionally, when summary judgment is urged based on the defense of the statute of limitation:

The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *State Dep't of Revenue v. Thiewes,* 448 N.W.2d 1, 2 (S.D.1989). When faced with " 'a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations[.]' " *Strassburg v. Citizens State Bank,* 1998 SD 72, ¶ 5, 581 N.W.2d 510, 513 (citations omitted). It is well settled that " '[s]ummary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.' " *Greene v. Morgan, Theeler, Cogley & Petersen,* 1998 SD 16, ¶ 6, 575 N.W.2d 457, 459 (citing *Kurylas, Inc. v. Bradsky,* 452 N.W.2d 111, 113 (S.D.1990)). Generally, a statute of limitations question is left for the jury; however, deciding what constitutes accrual of a cause of action is a question of law and reviewed de novo. *Id.*

[¶ 8.] **1. WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST THAT JAMES REPRESENTED COOPER AFTER OCTOBER 17, 1995.**

[¶ 9.] The statute of limitation period for legal malpractice actions is three years. SDCL 15–2–14.2. We have adopted the "continuing treatment doctrine" in determining the applicable limitation period in legal malpractice actions. *Schoenrock v. Tappe,* 419 N.W.2d 197, 200 (S.D.1988). Accordingly, a cause of action for malpractice will be tolled until the "representation" terminates. *Id.* at 201. This representation must be more than sporadic to toll the limitation period. *Id.* The attorney-client relationship must involve a "continuity of the professional services from which the alleged malpractice stems." *Id.* Additionally, the tolling period after the

alleged malpractice must stem from "the same or related services and is not merely continuity of a general professional relationship." *Id.* (citations omitted).

[¶ 10.] "The continuous representation itself must occur before the three-year statute of limitation has run, to effectively toll it." *Greene,* 1998 SD 16, ¶ 13, 575 N.W.2d at 460. To affirm the grant of summary judgment, we must be convinced that no genuine issue of material fact exists that the professional service had been terminated or that no services were rendered that stemmed from the alleged malpractice after October 26, 1995. We are not convinced the facts in this case warrant summary judgment.

[¶ 11.] Our critical inquiry is whether James' representation of Cooper continued until October 26, 1995. Here, the parties dispute when the professional relationship was terminated. In her affidavit testimony, Cooper maintains that James represented her until at least December of 1995. James argues, and the trial court found, that the professional relationship was terminated with the mailing of the letter of October 17, 1995. In support of his position, James relies upon the wording in this letter indicating that Cooper should contact him before he challenges the property cash disbursement because she indicated she did not want to incur further legal expenses. In contrast, Cooper asserts that this letter establishes that services would continue sometime past the mailing of the letter, as the letter directs her to execute certain documents and to contact the office if she wishes to receive help executing these documents. Additionally, the statement in the letter "advise us how you wish to proceed due to your previous request that we cease any legal efforts because you do not wish to incur any additional legal fees" does not indicate the representation had been terminated but that James recognized that Cooper may not wish to have a hearing to argue her entitlement to additional items without first approving the additional expense.

[¶ 12.] While it is apparent that this relationship was winding down on October 17, 1995, it is not apparent that it was terminated on that date. By its very terms, this letter indicates that additional work was necessary to finalize the divorce settlement agreement. It is clear from the record that the finalizing of the settlement agreement constituted part of the professional services which James was hired to provide. James' assertion that only ministerial work was left to be completed following the October 17, 1995 letter is not dispositive. Ministerial work can consume a large amount of an attorney's practice and its importance or effect is not to be so easily dispensed with or discounted.

[¶ 13.] Clearly, this disputed time frame of the termination of the professional relationship is sufficient to establish that genuine issues of material fact still exist regarding the date the continuing representation ended. Viewing the evidence in the light most favorable to the nonmoving party, James failed to demonstrate the absence of a genuine issue of material fact and entitlement to judgment as a matter of law to sustain his burden. *Thiewes,* 448 N.W.2d at 2. In resisting this motion, the letter Cooper received from James, as well as her affidavit testimony, satisfy her burden of establishing her disputed version of the facts beyond "mere speculation, conjecture, or fantasy." *See Himrich v. Carpenter,* 1997 SD 116, ¶ 18, 569 N.W.2d 568, 573. As such, this question should have been presented to a jury. "Summary judgment is, therefore, improper where there is a *dispute of material fact* which would affect the application of the statute of limitations." *Wissink v. Van De Stroet,* 1999 SD 92, ¶ 15, 598 N.W.2d 213, 216.

**[¶ 14.] 2. WHETHER THE ACTIONS OF JAMES ESTOPPED HIM FROM ASSERTING THE STATUTE OF LIMITATION DEFENSE.**

[¶ 15.] Cooper alleges that the actions of James should bar him from raising the statute of limitation as a defense. The facts she alleges to support estoppel consist of James' actions after he received a copy of the summons and complaint by mail on May 11, 1998. James employed counsel and sent financial documents pertaining to Cooper's divorce. These documents were sent in order to facilitate a settlement demand by Cooper. Additionally, James consented to his deposition. However, the date set for deposition was delayed until the deposition was finally cancelled the day prior when James asserted lack of service and that the statute of limitation barred recovery.

[¶ 16.] We have previously recognized that a party may be estopped from asserting the statute of limitation defense based on his acts or conduct. *See L.R. Foy Const. Inc. v. SD State Cement Plant,* 399 N.W.2d 340, 344 (SD 1987); *Sander v. Wright,* 394 N.W.2d 896, 899 (S.D.1986). An estoppel arises where one party, by acts or conduct, induces another party to do that which he would not otherwise have done, and is thereby prejudiced. *L.R. Foy Const. Inc.,* 399 N.W.2d at 343. In *Taylor v. Tripp,* 330 N.W.2d 542 (S.D.1983), we expressed the elements of equitable estoppel as follows:

> In order to constitute an equitable estoppel, also known today as estoppel in pais, false representations or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; th[e] representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice or injury. There can be no estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence.

[¶ 17.] Other courts have applied the theory of estoppel to prevent a defendant from lulling a plaintiff "into a false sense of security" that service was effective, and the limitation period met. *See Tresway Aero Inc. v. Superior Ct. of Los Angeles Co.,* 5 Cal.3d 431, 96 Cal.Rptr. 571, 487 P.2d 1211, 1218 (1971). A defendant cannot egregiously lead the plaintiff to believe that service was sufficient and then delay until the statute of limitation has run. To do so would allow a defendant to plead the very delay caused by his course of conduct as an affirmative defense.

[¶ 18.] Cooper asserts that the facts of this case present such a situation. While we acknowledge that Cooper has a difficult burden of establishing estoppel on these facts, especially given the fact she had retained counsel well before the statute of limitation was to expire, jury questions exist as to equitable estoppel. Cooper has the burden of establishing by clear and convincing evidence that James conduct constituted "fraud, false representations, or concealment of material facts" in order to delay until the limitation period ran. *See L.R. Foy Const. Inc.,* 399 N.W.2d at 344.

[¶ 19.] Therefore, for the reasons stated in issues one and two, we reverse the trial court's grant of summary judgment and remand for factual determinations.

[¶ 20.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.