Unified Judicial System

 

 
 Huron Center, Inc., d/b/a/ Crossroads
Hotel and Convention Center
Plaintiff and Appellant,
 
v. 
 
Henry Carlson Co., Durrant
Group, Inc., and Durrant
Construction Mangement Inc.,
Defendant and Appellee,
 
and
 
Durrant Group, Inc., and Durrant
Construction Management,Inc.,
Defendant and Appellee,
 
v.
 
Zurprigen Industries, Inc. (formerly Concrete Products Company)
Third Party Defendant and Appellee.
 
 
South Dakota Supreme Court
Appeal from the Circuit Court of The Third Judicial Circuit
Beadle County, South Dakota
Hon. Eugene L. Martin, Judge
 
 
 
Rodney Freeman, Jr. Jeff Burns of Churchill, Manolis, Freeman, Kludt & Shelton
Huron, South Dakota
Attorneys for plaintiff and appellant.
 
William G. Beck of
Woods, Fuller, Shultz and Smith
Sioux Falls, South Dakota
Attorneys for defendant and appellee Henry Carlson.
 
Gary J. Pashby of
Boyce, Murphy McDowell and Greenfield
Sioux Falls, South Dakota
Attorneys for defendant and appellee Durrant Group.
 
Michael L. Luce of Davenport, Evans, Hurwitz and Smith
Sioux Falls, South Dakota
Attorneys for third party defendant and appellee Zubrigen.
 
 
Considered on Briefs May 28, 2002
Opinion Filed 8/14/2002
 
#22219
MILLER, Acting Justice.
[Â¶1.]                 Huron Center, Inc., d/b/a Crossroads Hotel and Convention Center (Huron Center) sued Henry Carlson Co. and Durrant Group, Inc., for breach of contract as a result of a claimed defective design and the substandard construction of a hotel in Huron, South Dakota.  Although the exact date is disputed, deterioration of the exterior panels began in the early 1990âs.  Huron Center, however, did not commence this action until April 1997.  After four years of discovery, the defendants moved for summary judgment on the grounds that the six-year statute of limitations period had expired.  The trial court granted the motion.  We reverse and remand. 
FACTS AND PROCEDURE
[Â¶2.]                 In 1985, Huron Center contracted with Durrant, an architectural firm, and Carlson, a general contractor, to build a hotel in Huron.  Huron Center specified that the hotel would be built using pre-cast building panels manufactured by Concrete Products Company, n/k/a Zurbrigen Industries, Inc.  Construction of the hotel was completed on May 1, 1987.
[Â¶3.]                Prior to July 1990 (the exact date is unknown) Huron Center began having problems with Zurbrigenâs pre-cast concrete panels.  The panels gradually began to crack and discolor in various areas.  Huron Center paid contractor Travis Dryvit to fix the problems by scraping away the crumbling concrete and replacing it with a styrofoam base, which was then covered with a finishing coat.  In July 1990, when Steve Oetken replaced Richard Johnson as Huron Centerâs general manager, he noticed the exterior wall problems.  In the spring of 1991,[1]  Oetkin contacted Dryvit to come make repairs.  Dryvit fixed the exterior wall deterioration that had developed since his last repair job.  While Dryvit has annually repaired the exterior panels since 1990, it was not until 1992 that he also began to inspect the interior walls. 
[Â¶4.]                In 1995, Huron Center began experiencing problems with the interior walls.  Sheet rock on the walls of several rooms was deteriorating to the point that it would not hold the wall coverings.  The walls were also retaining a significant amount of moisture.  In the fall of 1995 or spring of 1996, Oetkin wrote a letter to Carlson and Durrant explaining the problems, requesting advice as to why 
they were occurring, and asking who was responsible.  Carlson sent an engineer to review the problems and Durrant sent Randy Hoscheid to perform some tests on the exterior panels.  Hoscheidâs testing revealed that the exterior panel design and construction were defective.
[Â¶5.]                In April 1997, Huron Center sued Carlson and Durrant for breach of contract.  Durrant brought a third party complaint against Dakota Engineering and Testing Co. and Zurbrigen.  The trial court granted summary judgment in favor of Carlson, Durrant and Zurbrigen (collectively Defendants).  Huron Center moved to vacate the grant of summary judgment, which motion was denied.  Huron Center appeals, raising the following issue:
1.         Whether the time of accrual of Huron Centerâs cause of action 
raises a genuine issue of material fact. 
 
In this appeal, Defendants raise the following issue:
2.         Whether Huron Center properly preserved the substantive issue 
for appeal. 
 
For obvious reasons, we will address these issues in reverse order.
 
STANDARD OF REVIEW
[Â¶6.]                 This case involves the review of a trial courtâs grant of summary judgment.  Given the standard set forth in SDCL 15-6-56(c):
[W]e must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law.  The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party.  The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists.  Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. 
 
Wissink v. Van De Stroet, 1999 SD 92, Â¶9, 598 NW2d 213, 215 (citations omitted).  
ANALYSIS AND DECISION
 
[Â¶7.]                 1.         Whether Huron Center properly preserved the 
substantive issue for appeal.
 
[Â¶8.]                Defendants claim this Court does not have jurisdiction because Huron Center has not properly preserved the substantive issue, i.e. when accrual of the cause of action occurred, for appeal.  They allege the only dispute before the trial court was whether the ten-year statute of limitations or the six-year statute of limitations applied.  We disagree.
[Â¶9.]                In its letter brief opposing summary judgment, written to the trial court on September 21, 2001, Huron Centerâs counsel wrote:
I would alternatively advise that the determination as to when a cause of action accrues is a question of fact for a jury.  Strassburg v. Citizens State Bank, 1998 SD 72, 581 NW2d 510.  The Defendants cite Steve Oetkenâs testimony as to when the injury occurred.  In reviewing the cited deposition testimony in Defendantâs brief, Mr. Oetken mentions three different years in which he may have [first] contacted Travis Dryvit.  Mr. Oetkenâs statements certainly are not conclusive as to when this cause of action accrued, the extent of any damage that may have occurred at that time, nor whether it is damage that was even included in this cause of action.  The time this cause of action accrued is certainly in dispute and if necessary, should be determined by the trier of fact.
 
This letter clearly indicates the substantive issue was put squarely before the trial court prior to its summary judgment ruling.  As a result, it has been properly preserved for appeal and this Court has jurisdiction to decide the matter.
[Â¶10.]               2.         Whether the time of accrual of Huron Centerâs 
cause of action raises a genuine issue of material 
fact.
 
[Â¶11.]              Both parties agree this action is governed by SDCL 15-2-13, which provides, in salient part:
Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:
(1) An action upon a contract, obligation, or liability, express or implied, excepting those mentioned in Â§Â§ 15-2-6 to 15-2-8, inclusive, and subdivisions 15-2-15 (3) and (4); * * * 
However, a claim that a cause of action is time-barred is an affirmative defense. 
 
Wolff v. Sec. of S.D. Game, Fish and Parks Depât, 1996 SD 23, Â¶14, 544 NW2d 531, 533-34 (holding filing outside the statutory period must be âestablished as a matter of uncontroverted fact.â).  Therefore, the burden is on Defendants to show that Huron Centerâs cause of action accrued more than six years before the April 1997 filing date.[2]   Id.  While the question of what constitutes accrual is one of law, the question of when accrual occurred is one of fact generally reserved for trial.  See Wissink, 1999 SD 92 at Â¶11, 598 NW2d at 215-16.  
[Â¶12.]              A cause of action accrues when âthe plaintiff either has actual notice of a cause of action or is charged with notice.â  Strassburg v. Citizens State Bank, 1998 SD 72, Â¶10, 581 NW2d 510, 514 (citing SDCL 17-1-2; SDCL 17-1-3).[3]   Huron Center was not put on actual notice of Defendantsâ alleged breach until 1996 when 
Hoscheidâs testing revealed the existence of architectural defects.  Therefore, we must determine whether there is a genuine issue of material fact as to when Huron Center was put on constructive notice.
[Â¶13.]              Construction of the hotel was completed on May 1, 1987.  Dryvit was hired in 1990 to fix one or more deteriorating exterior panels.  The extent of his repairs is unknown.  Oetken became general manager of Huron Center in 1990, but did not contact Dryvit until sometime in 1991, when he first learned Dryvit had made previous repairs.  Problems with the interior walls did not occur until 1995, again, the extent of which is unknown.  As early as the fall of 1995, but possibly as late as 1996, Oetken attempted to contact Carlson and Durrant to determine why the deterioration problems had continued to occur.  Carlson sent an engineer to look at the panels and Durrant sent Hoscheid to perform some tests.
[Â¶14.]              Defendants argue that Huron Centerâs cause of action accrued before Oetken became manager in July 1992.  They do not, however, indicate whether this was evidenced by the deterioration of the first panel or by its repair.  They claim only that accrual occurred before the arrival of Oetken and therefore, the action is time-barred.  Huron Center argues the repair of an exterior panel, without more, does not conclusively establish that it knew or should have known of Defendantsâ alleged breach.  Huron Center maintains that, at the earliest, it was not aware of anything unusual until 1995, as evidenced by Oetkenâs attempts to contact Defendants for answers.  Thus, the only undisputed date is that upon which the hotel was completed.  The time of the first occurrence of damage, the extent of that damage, the time of Huron Centerâs first awareness of the deterioration, and the time Huron Center suspected something out of the ordinary, are all in dispute.   Given our standard of review, as well as this Courtâs decision in Wissink, we conclude a genuine issue of material fact exists in the accurate determination of an accrual period.
[Â¶15.]              Defendants claim, this Courtâs decision in Wissink is inapposite.  They  assert that Wissink was a complicated case involving several different transactions and several parties, so it was understandable that there would be some argument over the accrual date.  They contend this case, on the other hand, is a simple construction case where accrual clearly occurred prior to July 1992, regardless of whether we look to the date of actual deterioration or Huron Centerâs awareness of such.  We are neither persuaded by this rationale, nor by Defendantsâ oversimplified characterization of the facts in this case.
[Â¶16.]              If events were as simple as Defendants portray them to be, a statement from Dryvit noting the date of his first repair would have solidified an accrual date.  Yet, Defendants cannot identify one point at which Huron Center should have known of Defendantsâ alleged breach.  The trial court noted only that â[t]he problems with the exterior accrued before Oetken became general manager,â and that âPlaintiff was aware of the accrual of the alleged defects.â  There is, however, no evidence of the initial severity of the problems, whether it was possible that they could have been dismissed as simple maintenance, or at what point the problems became such that Huron Center should have known they were beyond routine repairs.  Furthermore, Defendants rely solely upon the equivocal testimony of Oetken to establish an accrual date for a time in which he was not even employed there.  
[Â¶17.]              Defendants further rely on this Courtâs decision in Strassburg to support the proposition that summary judgment in this case was proper.  See 1998 SD 72, 581 NW2d 510.  Strassburg involved a conversion action against a bank in connection with its setoff against a customerâs account.  There, this Court held summary judgment would have been proper if not for the genuine issues of material fact regarding the bankâs misrepresentation or fraud, and remanded only for a determination of that issue.  Id. Â¶19.  We noted, however, that the plaintiff in that case âneither question[ed] the time when the setoff occurred nor dispute[d] the date he received notice of it.â  Id. Â¶11.  Thus, there was no genuine issue of material fact regarding the accrual date and the defendant had presumptively shown the cause of action was time-barred.  As a result, the burden shifted to the plaintiff to demonstrate genuine issues of material fact as to why the statute of limitations defense should not apply, namely, facts relating to the bankâs fraudulent misrepresentations.
[Â¶18.]              Unlike Strassburg, Defendants have not demonstrated that Huron Centerâs cause of action was brought beyond the six-year statutory period because they have not conclusively established when the cause of action accrued.  A party is charged with constructive notice when it has âan awareness either that [it] has suffered an injury or that another [party] has committed a legal wrong. . . .â  Wissink, 1999 SD 92, Â¶15, 598 NW2d at 216 (quoting Haberer v. First Bank, 429 NW2d 62, 68 (SD 1988)) (additional citation omitted).  Here, the parties dispute when Huron Center should have known that Defendants committed a breach.  In fact, there is no agreement regarding any date except the hotelâs completion date.  âClearly, this disputed time of notice is sufficient to establish that genuine issues of material fact still exist regarding the date of accrual.  As such, the question of the applicability of the statute of limitations should have been presented to a jury.â  Wissink, 1999 SD 92, Â¶15, 598 NW2d at 216.  See also Salem Sch. Dist. 43-3 v. Puetz Constr., Inc., 353 NW2d 51, 53 (SD 1984) (holding dispute over faulty construction and completion date raised questions of fact as to when cause of action accrued, thereby precluding summary judgment).
[Â¶19.]              Huron Center has presented sufficient evidence that its version of the facts is âbeyond mere speculation, conjecture, or fantasy.â  Cooper v. James, 2001 SD 59, Â¶13, 627 NW2d 784, 788 (holding disputed time frame of when termination of representation occurred precluded summary judgment).  Conversely, Defendants have not carried their burden of demonstrating that Huron Centerâs action is time-barred because the question of an accrual date remains disputed.  âSummary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.â  Green v. Morgan, Theeler, Cogley & Petersen, 1998 SD 16, Â¶6, 575 NW2d 457, 459 (citation omitted).  Accordingly, we reverse and remand for a determination of when Huron Center should have known of Defendantsâ alleged breach.
[Â¶20.]               GILBERTSON, Chief Justice, and AMUNDSON, KONENKAMP, and ZINTER, Justices, concur.
[Â¶21.]               MILLER, Acting Justice, sitting for SABERS, Justice, disqualified.

[1] .         Both parties rely solely on Oetkenâs deposition testimony for this information.  Oetken, however, was not exactly certain when he had contacted Dryvit, nor when Dryvit had last been to the hotel.  When asked if he was aware of the exterior problems when he took over as manager, Oetken responded:  
 
A.     I know that Travis â from my conversations with Travis Dryvit, he fixed some light spots or deteriorations on the exterior previous to my coming to the hotel.  Did not hear that from Richard Johnson, heard it from Travis when I got there.
Q.     Do you know the approximate date when he made those initial fixes?
A.     He told me he was there the year before when I contacted him.
Q.     Which would have been?
A.     1989, 1990.  I would guess it would have been 1991 that he was there because I would not have contacted him in â90, I would have contacted him in â91 after because â to get brought up to date.
Q.     Now these were the problems with the exterior that began in approximately 1990 or before?
R.       Thatâs correct. 

[2] .         Only when Defendants have presumptively established their defense by showing the action was brought beyond the statutory period, six years after the accrual date, does the burden shift to Huron Center to demonstrate material facts in avoidance of the defense.  See Wissink, 1999 SD 92, Â¶9, 598 NW2d at 215.
 

[3] .         SDCL 17-1-2 provides, âActual notice consists in express information of a fact.â  Conversely, SDCL 17-1-3 provides, âConstructive notice is notice imputed by the law to a person not having actual notice.â