#26776-aff in pt & rev in pt-GAS
**2014 S.D. 59**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

EAST SIDE LUTHERAN CHURCH
OF SIOUX FALLS, SOUTH DAKOTA,
a South Dakota Nonprofit Corporation,                    Plaintiff and Appellant,

v.

NEXT, INC.,
a South Dakota Corporation,                              Defendant, Third-Party
                                                         Plaintiff and Appellee,

v.

FIEGEN CONSTRUCTION CO.,
a South Dakota Corporation and
BROWN ARCHITECTURE & DESIGN
CO. n/k/a STUDIO 360 ARCHITECTURE,
INC., a Nebraska Corporation,                            Third-Party Defendants,
                                                         Fourth-Party Plaintiffs
                                                         and Appellees,

v.

M.J. DALSIN CO. OF S.D., INC.,                           Fourth-Party Defendant,
                                                         Fifth-Party Plaintiff and
                                                         Appellee,

v.

JEFF PRINS d/b/a AJ CONSTRUCTION,                        Fifth-Party Defendant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE STUART L. TIEDE
Judge

\* \* \* \*

ARGUED APRIL 29, 2014
OPINION FILED **08/06/14**

RONALD A. PARSONS, JR.
Johnson, Heidepriem &
  Abdallah, LLP
Sioux Falls, South Dakota


        and

WILLIAM D. KUNSTLE
SAMUEL M. GOODHOPE
LAURA T. BRAHMS
Kading, Kunstle & Goodhope, LLP
Sioux Falls, South Dakota                    Attorneys for plaintiff and
                                             appellant.


PAUL W. TSCHETTER
ROGER A. SUDBECK
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                    Attorneys for defendant, third-
                                             party plaintiff and appellee
                                             Next, Inc.

DEREK A. NELSON
WILLIAM P. FULLER
Fuller & Williamson, LLP
Sioux Falls, South Dakota                    Attorneys for third-party
                                             defendant, fourth-party plaintiff
                                             and appellee Brown
                                             Architecture & Design Co.


MICHAEL L. LUCE
Murphy, Goldammer &
  Prendergast, LLP
Sioux Falls, South Dakota                    Attorneys for third-party
                                             defendant, fourth-party plaintiff
                                             and appellee Fiegen
                                             Construction Co.


GREGORY J. ERLANDSON
Bangs, McCullen, Butler,
  Foye & Simmons, LLP
Rapid City, South Dakota                     Attorneys for fourth-party
                                             defendant, fifth-party plaintiff
                                             and appellee M.J. Dalsin Co. of
                                             S.D., Inc.

#26776

SEVERSON, Justice

[¶1.]    East Side Lutheran Church (East Side) appeals from a summary judgment ruling that barred its claim for failing to timely file suit within the applicable six-year statute of limitations.  We affirm in part and reverse in part.

*Background*

[¶2.]    In April 2002, East Side contracted with NEXT, Inc. (NEXT) for construction of a new addition to East Side's church and renovation to its existing structure.  NEXT worked as East Side's representative for the project and contracted with third-party defendants Brown Architecture & Design Company (Brown) and Fiegen Construction Company (Fiegen).  Brown provided design and architectural work on the project and Fiegen served as the general contractor.  Fiegen subcontracted with fourth-party defendant M.J. Dalsin Company (Dalsin) to complete the roof construction associated with the project.[1]  The project was substantially completed in August 2003.

[¶3.]    In the months immediately following the project's completion, East Side experienced a variety of problems throughout the structure.  The problems included ice dams, bats in the church, chipping concrete, hail penetration, and drainage issues, but the overriding problem was water infiltration.[2]  The water infiltration persisted and resulted in this litigation.

---

1.    Dalsin in turn sub-subcontracted with fifth-party defendant AJ Contracting to provide work on the roof construction.  Dalsin obtained a default judgment against AJ Contracting prior to the circuit court's summary judgment ruling.

2.    Water was found in the west entrance, east vestibule, Pastor's office, quilting room, prison ministry office, furnace room, north-side basement, kitchen, pre-

(continued . . .)

-1-

[¶4.] East Side and NEXT communicated about, and NEXT attempted to eradicate, the water infiltration from the date of the project's completion until May 2009. On January 23, 2009, NEXT's attorney sent a letter to East Side explaining that Fiegen and Dalsin were "unwilling to perform any additional work[,]" and that NEXT had, without admitting liability, "notified its insurance carrier of a potential claim." Later that spring, on May 28, 2009, NEXT's attorney informed East Side's attorney that NEXT "will be undertaking no additional repairs to" the church. The letter further stated that East Side "will need to either undertake its own repairs and proceed with litigation or contact Fiegen and Dalsin regarding any such repairs."

[¶5.] In March 2010, East Side hired Michael Ollerich of American Technical Services. Ollerich's reports confirmed that the church was experiencing water infiltration. Ollerich's reports further indicated the project's design contained structural errors; the work completed contained construction errors; and the structure was experiencing ventilation and insulation problems. East Side filed suit against NEXT in July 2010.[3]

[¶6.] NEXT, Brown, Fiegen, and Dalsin (Defendants) moved for summary judgment on the basis that East Side filed its suit outside of the six-year statute of

---

(. . . continued)
kindergarten room, kindergarten room, storage room, second-floor altar-guide room, and second-floor south furnace room. In addition, hail was found in the narthex. Gigi Rieder, East Side's office manager, testified that the water infiltration was "throughout the structure."

3. In addition to defending the lawsuit, NEXT sued third-party defendants Brown and Fiegen, Fiegen sued fourth-party defendant Dalsin, and Dalsin sued fifth-party defendant AJ Contracting.

limitations. *See* SDCL 15-2-13. The Defendants argued that because East Side knew of the water infiltration immediately after construction was completed, the six-year statute of limitations began to run as early as August 2003. As a result, the statute of limitations lapsed in 2009 and East Side's July 2010 lawsuit was not timely filed.

[¶7.]      East Side opposed summary judgment and argued that its lawsuit is based in part on the project's structural design errors and construction errors. Because it did not know of the structural design errors and construction errors until Ollerich's 2010 reports, it argued its claims did not accrue until 2010, making its suit timely. East Side also argued that equitable estoppel tolled the statute of limitations.

[¶8.]      The circuit court granted summary judgment to Defendants on the statute of limitations issue because East Side "had actual or constructive notice of a cause of action immediately after the substantial completion [of the project] in August of 2003." The circuit court also granted summary judgment to Defendants on the issue of equitable estoppel because there was no "genuine issue of material fact regarding whether or not any of the [D]efendants misrepresented or concealed material facts from [East Side] in order to induce [East Side] to change its position in reliance upon either those misrepresentations or that concealment." East Side now appeals to this Court arguing the circuit court's rulings on the statute of limitations and equitable estoppel were error.[4]

---

4.      Our review of a summary judgment ruling is clear:

(continued . . .)

*Decision*

*Statute of limitations*

[¶9.] The parties agree that the six-year statute of limitations prescribed by SDCL 15-2-13 controls East Side's claims. East Side commenced this action in July 2010. Thus, any claims that accrued before July 2004 are barred. As a result, we must resolve if there are any genuine issues of material fact as to whether any or all of East Side's claims accrued before July 2004.

[¶10.] A claim accrues when a plaintiff has actual or constructive notice of a cause of action. *Strassburg v. Citizens State Bank*, 1998 S.D. 72, ¶ 10, 581 N.W.2d 510, 514. "Actual notice consists in express information of a fact." SDCL 17-1-2. "Constructive notice is notice imputed by the law to a person not having actual notice." SDCL 17-1-3. "One having actual notice of circumstances sufficient to put a prudent person on inquiry about 'a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself.'" *Strassburg*, 1998 S.D. 72, ¶ 10, 581 N.W.2d at 514 (quoting SDCL 17-1-4).

---

(. . . continued)

> We must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*De Smet Farm Mut. Ins. Co. of S.D. v. Busskohl*, 2013 S.D. 52, ¶ 11, 834 N.W.2d 826, 831 (citation omitted).

[¶11.] "Because the point at which a period of limitations begins to run must be decided from the facts of each case, statute of limitations questions are normally left for a jury." *Strassburg*, 1998 S.D. 72, ¶ 7, 581 N.W.2d at 513 (citation omitted); *see also Wissink v. Van De Stroet*, 1999 S.D. 92, ¶ 11, 598 N.W.2d 213, 215 (citations omitted) ("This Court has recognized that, generally, statute of limitations questions are left for the jury."); *Huron Ctr., Inc. v. Henry Carlson Co.*, 2002 S.D. 103, ¶ 11, 650 N.W.2d 544, 548 (citation omitted) ("[T]he question of *when* accrual occurred is one of fact generally reserved for trial."). "Here, we must ascertain whether there is any genuine issue of material fact concerning the date the cause of action accrued; if not, and if the applicable limitations period has expired as a matter of law, then the [Defendants are] entitled to summary judgment." *Strassburg*, 1998 S.D. 72, ¶ 7, 581 N.W.2d at 513 (citation omitted).

[¶12.] There is no genuine issue of material fact concerning East Side's actual notice of the water infiltration prior to July 2004. It is undisputed East Side knew water infiltration existed throughout the building almost immediately after construction was completed in August 2003. Because East Side's actual notice of the water infiltration gave rise to a situation where East Side could have filed suit and sought relief, any claim with a sufficient relationship to the water infiltration so as to put East Side on constructive notice of that claim (water infiltration claim) accrued and statutorily lapsed prior to East Side's July 2010 lawsuit. *See Spencer v. Estate of Spencer*, 2008 S.D. 129, ¶ 16, 759 N.W.2d 539, 544 (citation omitted) ("A cause of action accrues when the right to sue arises.").

[¶13.]    We must next determine whether accrual of the water infiltration claims encompasses all of East Side's alleged design and construction error claims, and whether that is a factual or legal question.[5] East Side contends this case presents "different acts constituting breaches of contract," which result "in separate or different damages" that "give rise to separately accrued claims." East Side argues that "[m]any of the structural deficiencies and defects [discovered in 2010] had nothing to do with water infiltration[,]" and as a result, there is a factual dispute as to when the different claims accrued. Defendants argue that the water infiltration places East Side, as a matter of law, on constructive notice of any other defect in the building. Defendants contend there have not been different acts constituting separate breaches of contract, but only East Side learning the full extent of its damages.[6]

---

5.    East Side's complaint alleges breach of contract and negligence causes of action. Defendants argue East Side cannot maintain an action for negligence because all of East Side's causes of action arise from under the contract. *See Fisher Sand & Gravel Co. v. S.D. Dep't of Transp.*, 1997 S.D. 8, ¶¶ 14-15, 558 N.W.2d 864, 867-68 (providing that in order for a plaintiff to maintain a tort claim against a party it contracted with, a duty independent of the contract must exist). This issue, although briefly addressed to the circuit court and in the briefs by Defendants, was not addressed by the circuit court and is not an issue raised on appeal by either party. We therefore decline to address it.

6.    Defendants also point to East Side's complaint that only pleaded two causes of action: (1) breach of contract for not "performing the construction in a good and workmanlike manner[;]" and (2) NEXT's negligence "in its construction and supervision of its subcontractors on the work completed[.]" Defendants argue that because the complaint did not outline each separate cause of action East Side presents to this Court, it cannot raise those separate actions on appeal. We disagree. "South Dakota still adheres to the rules of notice pleading[.]" *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 2008 S.D. 89, ¶ 17, 756 N.W.2d 399, 409. "[U]nder notice pleading, a case consists not in the pleadings, but the evidence, for which the pleadings furnish the basis. Cases

(continued . . .)

[¶14.]     A claim can accrue "even when one may not yet know all the underlying facts or the full extent of damages." *Strassburg*, 1998 S.D. 72, ¶ 13, 581 N.W.2d at 515 (citations omitted). But different causes of action can accrue under the same contract. *See Dakota, Minn. & E. R.R. Corp. v. Acuity*, 2006 S.D. 72, ¶ 23, 720 N.W.2d 655, 662 (providing that different causes of action existed under the same insurance contract). "Statutes of limitations begin to run when plaintiffs first become aware of facts prompting a reasonably prudent person to seek information about the problem and its cause." *Strassburg*, 1998 S.D. 72, ¶ 13, 581 N.W.2d at 515 (citations omitted).

[¶15.]     East Side had actual notice of the water infiltration throughout its building prior to July 2004. Whether that actual notice is enough to put East Side on constructive notice of its structural design error and construction error claims (making the structural design error and construction error claims accrue prior to July 2004), and whether that determination is a question of fact or law, is the heart of this case. Because what a reasonably prudent person should inquire into when learning of water infiltration can differ depending on the circumstances, we conclude there is a genuine issue of material fact as to when East Side's structural design error and construction error claims accrued. *Huron Ctr.,* 2002 S.D. 103, ¶

---

(. . . continued)

> are generally to be tried on the proofs rather than the pleadings." *St. Pierre v. State ex rel. S.D. Real Estate Comm'n*, 2012 S.D. 25, ¶ 20, 813 N.W.2d 151, 157 (citation and internal quotation marks omitted). East Side adequately put Defendants on notice of its claims and presented evidence in support of its claims. Both in its response to NEXT's statement of undisputed facts and at the summary judgment hearing, East Side claimed structural design errors and construction errors as reported by Ollerich. We conclude the issue was properly raised.

11, 650 N.W.2d at 548 (providing when accrual occurs is a question of fact reserved for trial). As a result, it is up to the trier of fact to determine whether East Side's actual notice of the water infiltration constitutes a sufficient circumstance to put a prudent person on inquiry of each of the construction error and design error claims East Side complains of, i.e., which of East Side's claims are barred by the statute of limitations because of the relationship to the water infiltration. *See Strassburg*, 1998 S.D. 72, ¶ 10, 581 N.W.2d at 514; *see also* SDCL 17-1-4. On remand, the trier of fact must parse out which alleged deficiencies have a sufficient relationship to the water infiltration to put East Side on actual or constructive notice of the alleged deficiency. *See Johnston v. Centennial Log Homes & Furnishing, Inc.*, 305 P.3d 781, 789 (Mont. 2013) (providing "that factual questions arise in determining the extent to which the problems discovered by 2005 are related to the issues discovered between 2008 and 2010"). If East Side was put on actual or constructive notice of the alleged deficiency because of the actual notice of the water infiltration, then a claim based on that alleged deficiency is not a separate cause of action but accrued at the time of the water infiltration and is therefore barred by the statute of limitations. If East Side was not put on actual or constructive notice of the alleged deficiency because of the actual notice of the water infiltration, then a claim based on that alleged deficiency is a separate cause of action with a separate accrual date.

[¶16.]     Defendants ask us to rule as a matter of law that East Side possessed constructive notice of its design error and construction error claims. In doing so, Defendants state Ollerich's reports did not outline separate and distinct causes of action, but rather outlined the full extent of East Side's damages. Defendants argue

that the water infiltration was such an obvious manifestation of a defect that all reasonably prudent persons would be put on inquiry about underlying problems with the design and construction of the building. *See Huron Ctr.*, 2002 S.D. 103, ¶ 16, 650 N.W.2d at 549 ("There is, however, no evidence of the initial severity of the problems, whether it was possible that they could have been dismissed as simple maintenance, or at what point the problems became such that Huron Center should have known they were beyond routine repairs."); *see also Performing Arts Ctr. Auth. v. Clark Constr. Grp., Inc.*, 789 So. 2d 392, 394 (Fla. Ct. App. 2001) (citations omitted) ("In sum, we conclude that where there is an obvious manifestation of a defect, notice will be inferred at the time of manifestation regardless of whether the plaintiff has knowledge of the exact nature of the defect. However, as in this case, where the manifestation is not obvious but could be due to causes other than an actionable defect, notice as a matter of law may not be inferred."). However, whether a defect is so obvious as to encompass all potential claims raises the question: How obvious does a defect need to be to make all claims accrue? That determination will be properly addressed by a trier of fact when it decides which claims East Side was put on notice of when it learned of the water infiltration. We decline to make that determination as a matter of law. Therefore, we reverse the circuit court, holding that a trier of fact must determine whether any or all of East Side's design error and construction error claims accrued at the time of actual notice of the water infiltration.

*Equitable Estoppel*

[¶17.]    Equitable estoppel will only be applied when all four elements are proven by clear and convincing evidence: (1) Defendants made false representations to or concealed material facts from East Side; (2) East Side did not have knowledge of the real facts; (3) the misrepresentations or concealment was made with the intention that it should be acted upon; and (4) East Side relied upon those misrepresentations or concealment to its prejudice or injury. *See Wilcox v. Vermeulen*, 2010 S.D. 29, ¶ 19 n.7, 781 N.W.2d 464, 471 n.7 (citations omitted); *see also Cooper v. James*, 2001 S.D. 59, ¶ 16, 627 N.W.2d 784, 789 (citations omitted).

[¶18.]    East Side contends that NEXT lulled East Side "into a false sense of security" when NEXT continually reassured East Side that the water infiltration would be fixed.  East Side contends this creates a question of fact preventing summary judgment.  *See Cooper*, 2001 S.D. 59, ¶¶ 17-18, 627 N.W.2d at 789.  We disagree.  Even if East Side was lulled into a false sense of security that its problems would be fixed, it fails to identify a single fact demonstrating that Defendants misrepresented or concealed material facts.  Indeed, NEXT, on numerous occasions, attempted to fix the water infiltration and even stated that it did not know why the infiltration continued.  In addition, East Side had knowledge of the real facts of the case—that there was leaking throughout the building.

[¶19.]    Even if Defendants' actions to fix the water infiltration were misrepresentations intended to be relied upon, East Side could not have reasonably

relied on those representations.[7]  In January 2009, NEXT informed East Side it had submitted a claim to its insurer.  In May 2009, NEXT informed East Side that NEXT would not be undertaking any additional repairs to the church.  The May 2009 letter further stated that East Side "will need to either undertake its own repairs and proceed with litigation or contact Fiegen and Dalsin regarding any such repairs."  These communications were given within the statute of limitations for any water infiltration claim.  Therefore, equitable estoppel was properly denied by the circuit court.

[¶20.]        In conclusion, we reverse the circuit court's ruling that barred East Side's claims of design error and construction error, concluding that a genuine issue of material fact exists to determine when those claims accrued.  We remand for further proceedings in line with this opinion.  Furthermore, we affirm the circuit court's grant of summary judgment on the equitable estoppel claim.

[¶21.]        GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.

---

7.    "A manufacturer's efforts at repair subsequent to delivery do not extend the contract statute of limitations." *Jandreau v. Sheesley Plumbing & Heating Co., Inc.*, 324 N.W.2d 266, 272 (S.D. 1982) (quoting *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 745 (2nd Cir. 1979)).