**Russell J. CRIVARO, Appellant (Defendant and Counter-Claimant Below),**

v.

**Daniel R. RADER, Appellee (Plaintiff and Counter-Defendant Below).**

No. 2–1083A378.

Court of Appeals of Indiana, Second District.

Oct. 23, 1984.

Peter G. Tamulonis, Donald L. Dawson, Indianapolis, for appellant.

Stephen W. Terry, Jr., Brent D. Taylor, Indianapolis, for appellee.

SHIELDS, Judge.

Russell Crivaro (Crivaro), defendant-counterclaimant, appeals the trial court's

grant of Daniel Rader's (Rader) motion for partial summary judgment limiting Crivaro's damages on his counterclaim against Rader.

The issue on appeal is whether a defendant-counterclaimant may recover damages in excess of the damages recovered by plaintiff when the statute of limitations for filing an independent action by defendant expires between the time the plaintiff's complaint is filed and the timely filing of the counterclaim.

We affirm.

On February 21, 1981, Rader's semi-tractor trailer collided with a semi-tractor trailer operated by Crivaro. Rader and Harco National Insurance Company filed a complaint on February 2, 1983, against Crivaro and Ohio Fast Freight, Incorporated, alleging negligence on the part of Crivaro and seeking one thousand dollars ($1,000.00), the amount of Rader's deductible under his insurance policy with Harco National Insurance Company. Crivaro responded by filing a counterclaim on March 1, 1983, more than two years after the accident, seeking to recover from Rader sixty thousand dollars ($60,000.00) for personal injuries and damage to personal property allegedly sustained in the collision.

On March 18, 1983, Rader filed his answer to Crivaro's counterclaim in which he pled the applicable two-year statute of limitations [1] as an affirmative defense to Crivaro's claim for damages exceeding those sought by Rader; Rader then filed a Ind. Rules of Procedure, Trial Rule 56 motion for partial summary judgment seeking to so limit Crivaro's recovery. The trial court granted Rader's motion on the basis Crivaro's claim was barred by the applicable statute of limitations except to the extent it diminished or defeated Rader's claim asserted in his complaint.

Crivaro argues Rader's complaint tolled the statute of limitations on his counterclaim, citing *Eve v. Louis*, 91 Ind. 457 (1883) and *Zink v. Zink*, 56 Ind. App. 677, 106 N.E. 381 (1914). Rader rejects Crivaro's "tolling" argument and contends the "diminish or defeat" limitation of Trial Rule 13(J)(1) applies to the subject counterclaim.

Contrary to the parties' contentions, neither *Eve, Zink* nor T.R. 13(J)(1) is dispositive of the issue presented. The decision in *Eve* [2] is distinguishable in two important aspects: ultimately the supreme court held the cross-complaint was governed by a twenty-year limitations period and, therefore, was at all times timely, and secondly, the cross-complaint was used defensively against the complaint. So, too, in *Zink* [3] the counterclaim was used defensively.

▆ T.R. 13(J)(1) is also not dispositive of the issue presented. This rule reads:

"(J) Effect of statute of limitations and other discharges at law. The statute of limitations, a nonclaim statute or other discharge at law shall not bar a claim asserted as a counterclaim to the extent that:

(1) it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred; ..."

---

**1.** I.C. 34-1-2-2(1) (Burns Code Ed., Supp.1984) governs actions for injuries to person and to personal property and applies to both Rader's complaint and Crivaro's counterclaim.

**2.** In *Eve,* plaintiff filed an action to recover on promissory notes and to foreclose a mortgage securing the notes. Defendant Louis filed a cross-complaint against plaintiff Eve and other named defendants alleging the notes and mortgage were fraudulent and void as against him and requested the removal of the cloud upon his title caused by the mortgage. Plaintiff's answer to the cross-complaint pled the statute of limitations. Defendant Louis' demurrers to this defense were sustained by the trial court and plaintiff Eve appealed. The supreme court affirmed the trial court's determination.

**3.** In *Zink,* plaintiff-wife sought a divorce and settlement of all financial matters. Defendant-husband filed a "cross-complaint" against his wife seeking the return of money she had agreed to repay husband.

Thus, T.R. 13(J)(1) presupposes a time-barred claim and does not address the issue of whether a claim is time-barred. Thus, whether the applicable limitations period had expired on Crivaro's claim must be answered by reference to authorities other than *Eve, Zink* and T.R. 13(J).

Jurisdictions that have addressed the issue are divided. *See* Annot., 72 A.L.R.3d 1065 (1976); 51 Am.Jur.2d *Limitation of Actions*, § 203 (1970). The courts that have adopted the view the commencement of an action tolls the statute of limitations with respect to claims arising out of or connected with plaintiff's cause of action,[4] suggest several policy justifications in support of this position. As explained in WRIGHT AND MILLER, *Federal Practice and Procedure* § 1419, at page 109–110:

"This approach precludes plaintiff, when the claim and counterclaim are measured by the same period, from delaying the institution of his suit until the statute has almost run on defendant's counterclaim so that it would be barred by the time he advanced it. Nor is plaintiff apt to be prejudiced by the tolling of the statute, since he presumably has notice at the time he commences his action of any counterclaim arising out of the same transaction as his suit. Moreover, the necessarily close relationship between the timely claim and the untimely counterclaim should insure that the latter is not 'stale' in the sense of evidence and witnesses no longer being available; they should be as accessible for adjudicating the counterclaim as they are for the claim."

Jurisdictions that have declined to adopt a "tolling" rule have stressed the importance of preserving an undeviating approach to statutes of limitation. *See e.g., DiNorscia v. Tibbett,* 50 Del. 118, 124 A.2d 715 (1956); *Horace Mann Insurance Co. v. DeMirza,* 312 So.2d 501 (Fla.App.1975);[5] *Crumrine v. Cummings,* 172 Kan. 290, 240 P.2d 463 (1952); *Wallace v. Patterson,* 405 Mich. 825, 289 N.W.2d 924 (1979);[6] *Harmer v. Hulsey,* 321 Pa.Super. 11, 467 A.2d 867 (1983); *Brown v. Hipshire,* 553 S.W.2d 570 (Tenn.1977).

Indiana courts emphasize statutes of limitations are statues of repose founded upon a rule of necessity and convenience and the well-being of society. *Indiana Department of State Revenue v. Estate of Puett,* 435 N.E.2d 298 (Ind.App.1982). They assume that one having a well-founded claim will not delay enforcing it. *Bennett v. Bennett,* 172 Ind.App. 581, 361 N.E.2d 193 (1977). The United States Supreme Court has expressed similar thoughts regarding limitations of actions.

"Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence."

*Wood v. Carpenter,* 101 U.S. 135, 139, 25 L.Ed. 807 (1879).

Further, because limitation periods are statutory creations, we agree with the observation of the Delaware Superior Court,

---

4. *See e.g. Oahu Gas Service, Inc., v. Pacific Resources, Inc.,* 473 F.Supp. 1296 (D.Hawaii 1979); *Azada v. Carson,* 252 F.Supp. 988 (D.Hawaii 1966); *Trindade v. Superior Court, In and For County of Contra Costa,* 29 Cal.App.3d 857, 106 Cal.Rptr. 48 (1973); *Unnever v. Stephens,* 142 Ga.App. 787, 236 S.E.2d 886 (1977); *Armstrong v. Logsdon,* 469 S.W.2d 342 (Ky.1971); *Doxey-Layton Co., v. Clark,* 548 P.2d 902 (Utah 1976). The position espoused in these cases has been cited as the majority rule. *See* 51 Am.Jur.2d *Limitation of Actions* § 203 (1970); 54 C.J.S. *Limitations of Actions* § 285 (1948).

5. In *Cherney v. Moody,* 413 So.2d 866 (Fla.App. 1982), the appellate court reexamined this issue and ruled contrary to the result reached in *DeMirza.* Accordingly, the court certified the question to the Florida Supreme Court.

6. This Michigan Supreme Court decision reversed an earlier appellate court case, *Wallace v. Patterson,* 85 Mich.App. 266, 271 N.W.2d 194 (1978), and reinstated the trial court's order limiting defendant's counterclaim to the set off amount established by plaintiff's claim.

"We would be engaging in judicial legislation, I think, if we read into § 8118 [Delaware's statute of limitations] by construction one period of limitations for claims for personal injuries asserted in the form of original actions and a different period of limitations for the same types of demand when asserted by way of counterclaims. Since there is no statutory exception or tolling provision applicable to counterclaims seeking affirmative relief, I do not think that the Court is permitted to accomplish a modification of the statute of limitations by indulging in the judge-made rule of waiver urged by the defendant."

*DiNorscia*, 124 A.2d at 717. The Tennessee Supreme Court also expressed its reluctance to create an exception by grafting upon the statute of limitations a tolling provision for the benefit of counterclaimants in tort actions. *Brown*, 553 S.W.2d at 571–72.

Our concern for strict adherence to the limitations statute by all claimants seeking relief and our recognition of the legislative prerogative override any justification asserted for extending the life of a counterclaim.

Crivaro suggests if this court declines to adopt a "tolling" rule we will be encouraging "those individuals with claims of their own who would forego them due to the time and expense of litigation, unless forced into a lawsuit by the other party to the accident, ... to initiate their own independent action or run the risk of losing the ability to obtain affirmative relief in a tort action intitiated by the other driver in the accident." Reply Brief of Appellant at 14–15. In response, we remind Crivaro it is the aim of limitations statutes to encourage those with meritorious claims to enforce them without delay.[7]

Pursuant to T.R. 13(J)(1), however, Crivaro may assert his time-barred claim to the extent it diminishes or defeats Rader's claim.[8] Thus, T.R. 13(J)(1) tempers the harshness of the effect of the statute of limitations on dilatory counterclaimants. It, like its predecessors,[9] gives the holder of a time-barred counterclaim the opportunity to avoid the operation of the statute of limitations to the extent the time-barred claim defeats or diminishes plaintiff's recovery.

Accordingly, the trial court was correct in granting Rader's motion for partial summary judgment and ordering Crivaro shall not have affirmative recovery on his counterclaim.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

7. Crivaro had eleven days after he received notice of Rader's claim in which to file his counterclaim within the limitations period.

8. Here, because the complaint and counterclaim arise out of the same factual occurrence, and are based upon claims of negligent conduct, the doctrine of contributory negligence makes it impossible for both parties to recover. Therefore, if the jury finds both parties' negligence contributed to the collision, neither party recovers. If, however, the jury finds for Rader, it necessarily will have determined Rader was not negligent while Crivaro was negligent. Because of Rader's lack of negligence in this instance, Crivaro is not entitled to recover and his counterclaim can not diminish or defeat Rader's recovery. Thus, the only situation in which our disposition of the issue on appeal is material is if the jury determines Rader was negligent and Crivaro was not; in this instance, T.R. 13(J)(1) operates to deny Crivaro any recovery on his counterclaim because Rader cannot recover on his claim and therefore there is no recovery for Crivaro's claim to diminish or defeat.

9. Rev.Stats., 1838, p. 447 provided, in relevant part, "nothing in this act [statute of limitations] shall be so construed as in any manner to restrict or limit any defendant or defendants to any action in pleading, set-off or payment thereto, as to the amount of the plaintiff's cause of action[,] 'while Rev.Stats., 1838, p. 462, provided, in relevant part,' a replication of the statute of limitations to any such plea of set-off, shall only operate to prevent a recovery by the defendant or defendants, of any excess of the amount of such plea, over and above what the plaintiff or plaintiffs may be entitled [to] in said action." Thus the earlier statute permitted the defendant to plead set-off to the amount of the plaintiff's *claim* while the subsequent statute prevented the defendant from recovering on his set-off any amount in excess of that *recovered* by the plaintiff.