MILLER, Retired Justice.
[¶ 1.] In this decision we affirm the circuit court and hold that a compulsory counterclaim seeking affirmative relief in a personal injury action cannot be served after the expiration of the statute of limitations. Christopher John Murray and Gary Travis Mansheim were involved in a two-car accident. Immediately prior to the expiration of the statute of limitations, Murray commenced an action against Mansheim for damages he sustained as a result of the accident. Along with his timely answer, Mansheim served a counterclaim against Murray after the expiration of the statute of limitations. - Murray moved for summary judgment seeking to dismiss Mansheim’s counterclaim grounded on the failure to bring the counterclaim within the time imposed by the statute of limitations. The circuit court granted the motion.
FACTS
[¶ 2.] The salient facts are not in dispute. On September 13, 2003, Murray and Mansheim were involved in a motor vehicle accident in which both Murray and Man-sheim sustained injuries. On September 12, 2006, Murray commenced a timely personal injury action against Mansheim by service of summons pursuant to SDCL 15-2-30. On September 13, 2006, a personal injury action by either party arising from the September 13, 2003 accident became time-barred. See SDCL 15-2-1, -14(3). On October 9, 2006, nearly a month after the expiration of the action, Mansheim served an answer and a counterclaim alleging Murray’s negligence and seeking damages for injuries sustained as a result of the accident. It is undisputed that Man-sheim’s counterclaim arose out of the same transaction or occurrence as the subject matter of Murray’s claim, and therefore, is a compulsory rather than permissive counterclaim. See SDCL 15-6-13(a).
[¶ 3.] On July 10, 2008, Murray moved for summary judgment, arguing that because Mansheim’s counterclaim was initiated after the applicable three-year statute of limitations, it should be dismissed. At the hearing, the parties disputed the applicability of the statute of limitations to Mansheim’s compulsory counterclaim. SDCL 15-2-14(3) provides a three-year limitation on the commencement of personal injury actions: “Except where, in special cases, a different limitation is prescribed by statute, the following civil actions ... can be commenced only within three years after the cause of action shall have accrued: ... (3) An action for personal injury.” Because Mansheim served his compulsory counterclaim after the running of the statute of limitations, and because the circuit court interpreted SDCL 15-2-14.1 and SDCL 15-2-14.5 to indicate legislative disapproval of tolling for affirmative compulsory counterclaims, it granted Murray’s motion for summary judgment. Mansheim appeals.
STANDARD OF REVIEW
[¶4.] Our standard of review regarding summary judgment is well established:
[W]e must determine whether the moving party demonstrated the absence of *382 any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.
Jacobson v. Leisinger, 2008 SD 19, ¶24, 746 N.W.2d 739, 745 (quoting Cooper v. James, 2001 SD 59, ¶ 6, 627 N.W.2d 784, 787).
[¶ 5.] When summary judgment is granted on a statute of limitations defense:
The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. When faced with “ ‘a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden shifts to the [nonmoving party] to establish the existence of material facts in avoidance of the statute of limitations[.]’ ” It is well settled that “‘[s]ummary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.’ ” Generally, a statute of limitations question is left for the jury; however, deciding what constitutes accrual of a cause of action is a question of law and reviewed de novo.
Id. (quoting James, 2001 SD 59, ¶ 7, 627 N.W.2d at 787). There are no issues of material fact in this case. Both issues presented are questions of law reviewed de novo. Id.
ISSUES
1. Whether counterclaims are deemed commenced with the initial action, as part of the initial action, or when stated in the pleadings and served on the opposing party.
2. Whether a compulsory counterclaim seeking affirmative relief relates back to the opposing party’s timely initial complaint or if that initial complaint tolls the statute of limitations for compulsory counterclaims seeking affirmative relief.
ANALYSIS AND DECISION
[¶ 6.] 1. Whether counterclaims are deemed commenced with the initial action, as part of the initial action, or are commenced when stated in the pleadings and served on the opposing party.
[¶ 7.] We acknowledge an inherent dilemma: our statutes of limitation bar the untimely commencement of actions, SDCL 15-2-1, and yet, by law, counterclaims are not technically commenced (no summons required). SDCL 15-6-13(a), -13(b). Therefore, it would appear that limitation laws should not bar counterclaims. However, we have an obligation to interpret law in a manner avoiding “absurd results,” and therefore, decline to hold that counterclaims are not subject to statutes of limitation. See City of Sioux Falls v. Ewoldt, 1997 SD 106, ¶ 17, 568 N.W.2d 764, 768. In deciding how limitation laws apply to the different counterclaims, we must decide whether both compulsory and permissive counterclaims are “actions” under SDCL 15-1-1(1), and *383 when each is “commenced” for purposes of SDCL 15-2-1.

Counterclaims are Actions

[¶ 8.] Under South Dakota law, both permissive and compulsory counterclaims seeking affirmative relief are “actions” subject to statutes of limitation.[1] An “action” is defined as “an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.” SDCL 15-1-1(1). Based on this definition, both types of claims must be treated as actions for purposes of limitation laws because nothing prohibits a party from bringing either type of counterclaim as an independent action while the initial action still is pending. See 6 Charles Alan Wright, Arthur R. Miller <⅞ Mary Kay Kane, Federal Practice and Procedure § 1418, at 142 (2d ed. 1990 & Supp. 2009) (Wright, Miller & Kane) (“[N]either res judicata nor waiver or estoppel ... prevent a party who does not want to assert his claim as a compulsory counterclaim in a suit instituted by his opponent from bringing an independent action on that claim while the first action still is pending[.]” (Emphasis added.)). Furthermore, a counterclaim, permissive or compulsory, survives when the original action is voluntarily dismissed and becomes an independent action. See SDCL 15—6—41(a)(2); Halm Instrument Co. v. Sigma Eng’g Serv., Inc., 42 F.R.D. 416, 421 (W.D.Pa.1967) (noting a compulsory counterclaim “remains alive even though the complaint is dismissed”). Because counterclaims are actions subject to limitation laws, we must next determine when they are commenced.

Commencement of Counterclaims

[¶ 9.] We recognize that our limitation laws apply to the commencement of actions, SDCL 15-2-1, and that the only way to commence an action is by service of summons. SDCL 15-2-30. We further acknowledge that neither a compulsory nor permissive counterclaim is initiated by service of summons. See SDCL 15-6-13(a) (providing that “[a] pleading shall state as a counterclaim....” (Emphasis added.)); SDCL 15-6-13(b) (providing that “[a] pleading may state as a counterclaim.... ” (Emphasis added.)). Therefore, in order for statutes of limitation to apply to counterclaims, we must deem counterclaims commenced either along with the initial action or when stated in the pleadings and served on the opposing party. We have already refused to “relate back” permissive counterclaims indicating that permissive counterclaims are commenced when asserted in the pleadings and served on the opposing party. See Jacobson, 2008 SD 19, ¶ 30 n. 7, 746 N.W.2d at 747 n. 7. Because the statutory procedure for asserting compulsory and permissive counterclaims is identical, we likewise hold that compulsory counterclaims are commenced when served on the opposing party.[2]
[¶ 10.] With great caution and because it is “imperatively required to make [our counterclaim, limitation law, *384 and commencement statutes] rational,” see Fin-Ag, Inc. v. Pipestone Livestock Auction Market, Inc., 2008 SD 48, ¶ 16, 754 N.W.2d 29, 38 (citation omitted), we deem all counterclaims “commenced” for purposes of limitation laws when they are stated in the pleadings and served on the opposing party. Therefore, because Man-sheim served his counterclaim after the limitations period, his action was time-barred. The only questions that remain are whether the initial action tolls the statute of limitations for a compulsory counterclaim seeking affirmative relief or whether that type of counterclaim “relates back” to the opposing party’s initial complaint.
[¶ 11.] 2. Whether a compulsory counterclaim seeking affirmative relief relates back to the opposing party’s timely, initial complaint or if that initial complaint tolls the statute of limitations for compulsory counterclaims.
[¶ 12.] Mansheim argues that under the majority rule, a compulsory counterclaim is not barred after the expiration of the statute of limitations. He notes that statutes of limitation provide a speedy and fair adjudication of the rights of the parties and protect parties from stale claims. He contends these objectives are upheld by allowing compulsory counterclaims after the expiration of the statute of limitations because the issues and evidence are the same. Murray responds with an abundance of authorities that hold compulsory counterclaims seeking affirmative[3] relief are subject to statutes of limitation because they are regarded as independent causes of action. Interestingly, both parties assert South Dakota law demands their conclusion.
[¶ 13.] This is a case of first impression in South Dakota. We have refused to relate back permissive counterclaims to the filing of the opposing party’s complaint. Jacobson, 2008 SD 19, ¶30 n. 7, 746 N.W.2d at 747 n. 7.[4] However, we have yet to decide if compulsory counterclaims seeking affirmative relief relate *385 back to the opposing party’s initial complaint or if that initial complaint tolls the statute of limitations. In so doing, we first review the pertinent rules of civil procedure to determine if the “relation-back” rule is applicable.
[¶ 14.] The concept of “relation back” found in SDCL 15-6-15(c) with regard to amended pleadings is not applicable to the instant inquiry. That statute applies to situations where a later “amended pleading” seeks to “relate back” to the date of the “original pleading” of that party, not the original pleading of a different party. SDCL 15-6-15(c); cf. Lewis v. Moorhead, 522 N.W.2d 1, 6 (S.D.1994) (noting an amended complaint asserting a new claim after statute of limitations had expired may relate back to that party’s original complaint). Because the date of Mansheim’s original pleading (answer) is after the statute of limitations expired, any relation back that might be allowed under SDCL 15-6-15(e) for counterclaims is of no benefit to Mansheim. Therefore, any reference to “relation back” in this case is independent of SDCL 15 — 6—15(c).[5]
[¶ 15.] We necessarily turn our focus to other authorities for guidance. This Court’s research reveals a significant split of authority. Some jurisdictions hold that counterclaims seeking affirmative relief are barred by the statute of limitations, while others conclude the timely commencement of the plaintiffs action either tolls or waives the statute of limitations for compulsory counterclaims. Still others hold that compulsory counterclaims relate back to the opposing party’s timely complaint. Interestingly, courts on both sides claim to follow the “majority rule.”
[¶ 16.] Two recognized authorities on civil procedure acknowledge this issue is unresolved in the courts and that there is a clear split of authority. See 6 Wright, Miller & Kane § 1419; 3 James WM. Moore et al, Moore’s Federal Practice § 13.93 (3d ed. 2009) (hereinafter Moore’s Federal Practice). Of note, these two treatises are in disagreement as to what constitutes the majority rule. See 3 Moore’s Federal Practice § 13.93, at 13-88 (“Counterclaims and cross-claims for affirmative relief are, with some exceptions, subject to the operation of applicable statutes of limitations.”); 6 Wright, Miller & Kane § 1419, at 152 (“[T]he majority view appears to be that the institution of plaintiffs suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.”). Because of the divided views regarding this issue, our *386 analysis will synthesize the rationale for both positions, consider the merits of both, and reach a conclusion based on those merits.
[¶ 17.] Under one view, “[i]t is fairly well established under [limitations law] that a counterclaim for affirmative relief ... is subject to the operation of pertinent statutes of limitation.” Hurst v. U.S. Dep’t of Educ., 901 F.2d 836, 837 (10th Cir.1990). The apparent rationale for this rule is that a counterclaim seeking affirmative relief “is not stripped of its character as an independent action by acquiring the label counterclaim.” Brown v. Hipshire, 553 S.W.2d 570, 572 (Tenn.1977). Thus, this view disregards equity and advances strict adherence to the statute of limitations reasoning that “our recognition of the legislative prerogative override[s] any justification asserted for extending the life of a counterclaim.” Crivaro v. Rader, 469 N.E.2d 1184, 1187 (Ind.Ct.App.1984).
[¶ 18.] The contrary view holds that “ ‘the institution of plaintiffs suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.’ ” Burlington Indus. v. Milliken & Co., 690 F.2d 380, 389 (4th Cir.1982), cert. denied, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1419, at 109 (1971)). This view reflects the rationale put forth by Wright, Miller & Kane:
This approach precludes plaintiff, when the claim and counterclaim are measured by the same period, from delaying the institution of the action until the statute has almost run on defendant’s counterclaim so that it would be barred by the time defendant advanced it. Nor is plaintiff apt to be prejudiced by the tolling of the statute, since he presumably has notice at the time he commences his action of any counterclaim arising out of the same transaction as his suit. Moreover, the necessarily close relationship between the timely claim and the untimely counterclaim should insure that the latter is not “stale” in the sense of evidence and witnesses no longer being available[.]
6 Wright, Miller & Kane § 1419, at 152-53. Therefore, this position embraces equity focusing on the lack of prejudice to a plaintiff. Armstrong v. Logsdon, 469 S.W.2d 342, 343 (Ky.1971) (“Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a particular automobile collision, the defendant should not be prevented from doing so by a mere technicality.” (citation omitted)).
[¶ 19.] Our research indicates that seven federal circuit courts have refused to toll or waive the statute of limitations, or have noted counterclaims seeking affirmative relief “may not be allowed.”[6] Only *387 three federal circuit courts allow the expired compulsory counterclaim to relate back to the initial, timely complaint.[7] Furthermore, of the states that do not have a specific statute[8] on point, at least eleven apply the statute of limitations to compulsory counterclaims seeking affirmative relief.[9]
*388 [¶ 20.] After a thorough review of the authority, and based on South Dakota’s applicable statutes, we find persuasive the position posited by Moore’s Federal Practice. This appears to be the majority position. The Wright, Miller & Kane approach, tolling the statute of limitations, is almost entirely premised on the lack of prejudice to the plaintiff and the prevention of delaying weak claims until the statute has almost run. The latter concern is neutralized by counterclaims in the form of recoupment; claims that arise out of the same transaction or occurrence, but are defensive in nature and seek no affirmative relief. See Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700-701, 79 L.Ed. 1421 (1935) (holding that a counterclaim for recoupment is “never barred by the statute of limitations so long as the main action itself is timely”). Therefore, any weak claim brought late in the limitations period will nevertheless have to overcome the claim for recoupment.[10]
[¶ 21.] Wright, Miller & Kane’s other basis for allowing the expired claim, the lack of prejudice to the plaintiff, does not support the tolling of the statutes of limitation. This view apparently considers statutes of limitation as mere technicalities. Armstrong, 469 S.W.2d at 343 *389 (stating that a defendant should not be prevented from asserting a compulsory counterclaim by “a mere technicality”). However, in South Dakota, statutes of limitation are not mere technicalities. We have consistently held that “compliance with statutes of limitations is strictly required and doctrines of substantial compliance or equitable tolling are not invoked to alleviate a claimant from a loss of his right to proceed with a claim.” Dakota Truck Underwriters v. S.D. Subsequent Injury Fund, 2004 SD 120, ¶ 17, 689 N.W.2d 196, 201 (emphasis added) (citing Peterson v. Hohm, 2000 SD 27, 607 N.W.2d 8). “It is clear that statutes of limitation are in place to prevent the prosecution of stale claims and to punish litigants who sleep on their rights,” Moore v. Michelin Tire Co., 1999 SD 152, ¶ 25, 603 N.W.2d 513, 521 (citation omitted), and “[a] cause of action raised as a counterclaim may be potentially as stale as a cause of action asserted in an original complaint.” See Harmer v. Hulsey, 321 Pa.Super. 11, 467 A.2d 867, 869 (1983) (citation omitted). We have also stated that “a defense based on a statute of limitations is meritorious and should not be regarded with disfavor.” Burke v. Foss, 334 N.W.2d 861, 864 (S.D.1983) (citation omitted). Moreover, statutes of limitation ensure a “speedy and fair adjudication of the rights of the parties[.]” Moore, 1999 SD 152, ¶ 25, 603 N.W.2d at 521. These principles most important to statutes of limitation are “advanced by refusing to judicially modify the harsh effect imposed by a statute of limitations.” Dakota Truck Underwriters, 2004 SD 120, ¶ 18, 689 N.W.2d at 201.
[¶ 22.] Both Mansheim and Murray had three years to commence suit — Murray timely commenced his action and Man-sheim did not. Mansheim has failed to provide any controlling authority for the propositions that his counterclaim should relate back to Murray’s complaint or that Murray’s complaint tolled the statute of limitations. In fact, the only binding authority is found in SDCL 15-1-1(1), SDCL 15-2-1, and SDCL 15-2-14. A counterclaim is an “action” pursuant to SDCL 15-1-1(1). And, pursuant to SDCL 15-2-1, “[c]ivil actions can only be commenced within the periods prescribed in this title[.]” According to that title, an action for personal injury can be commenced only within three years, unless a different limitation is prescribed by statute. SDCL 15-2-14. Therefore, Mansheim’s time to bring his personal injury cause of action expired on September 13, 2006, three years after the accident. Because Man-sheim did not bring his action (via the counterclaim) until October 9, 2006, nearly a month after the statute of limitations expired, his compulsory counterclaim for affirmative relief was time-barred.
[¶ 23.] South Dakota’s rules of civil procedure provide for relation back only in regard to amended pleadings relating back to that party’s original pleadings, not the opposing party’s initial complaint. SDCL 15-6-15(c). Furthermore, we agree with the majority of courts that do not allow compulsory counterclaims seeking affirmative relief after the running of the statute of limitations. We find persuasive that position because independent actions that have expired prior to service of an answer or counterclaim do not lose their independent nature by being labeled “counterclaim.” Absent any statute to the contrary, counterclaims seeking affirmative relief expire like any other action pursuant to SDCL 15-2-1.
[¶ 24.] We will not read into SDCL 15-2-14(3) (three-year statute of limitations for personal injury actions) or SDCL 15-6-13 (counterclaims) a different limitations period for personal injury actions commenced by summons as an initial action than those commenced by service as a *390 counterclaim. Because no statutory exception, tolling provision, or equitable tolling doctrine[11] saved Mansheim’s personal injury action, it is barred by SDCL 15-2-14. Thus, we affirm the circuit court’s grant of summary judgment.
CONCLUSION
[¶ 25.] We narrow our holding to disallow compulsory counterclaims seeking affirmative relief when, as here, the limitations period expired after the plaintiff initiated his action by service of summons but before the defendant served his counterclaim. Furthermore, any application SDCL 15-6-15(c) may have to counterclaims is not decided in this case as it provides no relief to Mansheim because that statute only allows relation back to that party’s original pleading and Man-sheim’s original pleading (answer) was served after the action expired by statute. We find persuasive the distinction between compulsory counterclaims seeking recoupment and those seeking affirmative relief. The latter are independent actions subject to statutes of limitation. The former are in the nature of a defense and, as noted by the United States Supreme Court, are “never barred by the statute of limitations so long as the main action itself is timely.” Bull, 295 U.S. at 262, 55 S.Ct. at 700-01. Stated simply, time will not bar Mansheim’s claim of vindication, but it does preclude his prayer for affirmative relief.
[¶ 26.] Affirmed.
[¶ 27.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.
[¶ 28.] SEVERSON, Justice, dissents.
[¶ 29.] MILLER, Retired Justice, sitting for MEIERHENRY, Justice, disqualified.

. Were we to parse the language of the statutes and hold that counterclaims are not "actions” but "claims,” we would reach the absurd result that counterclaims are not subject to statutes of limitation under South Dakota law because only the commencement of actions are limited by prescribed periods. See SDCL 15-2-1 ("Civil actions can only be commenced within the periods prescribed in this title ...." (Emphasis added.)); see also SDCL 15-2-14.1 (indicating counterclaims seeking affirmative relief are subject to statutes of limitation).

. Because there is no statutory basis for a disparate commencement time for compulsory and permissive counterclaims seeking affirmative relief, we decline to follow the dissent’s reasoning. Were we to follow the *384 dissent's rationale, both types of counterclaims must be deemed part of the initial action for limitation laws purposes. This necessarily follows because both are "actions” that are asserted without a summons. See SDCL 15-6-13(a), -13(b); dissent ¶¶ 32-33. To suggest that only compulsory counterclaims are part of the initial action, as the dissent does, would make permissive counterclaims logically illusory, i.e., not able to be commenced and not part of the initial action. Therefore under the dissent’s rationale, both must be part of the initial action because neither counterclaim is commenced by summons. However, as noted above, we have already determined that permissive counterclaims are not part of the initial action and are commenced for limitations purposes when served on the opposing party. See Jacobson, 2008 SD 19, ¶ 30 n. 7, 746 N.W.2d at 747 n. 7. Moreover, by not deeming either counterclaim as part of the initial action or commenced along with the initial action, we avoid the result that a summons could preserve the viability of any counterclaim forever so long as the initial action was commenced within the statutes of limitation for the asserted counterclaim. Finally, deeming both counterclaims commenced when served is consistent with our holding in this opinion that independent actions that have expired do not lose their independent nature and garner a longer limitations period merely by being labeled a "counterclaim.”

. Mansheim’s compulsory counterclaim is not used "purely as a matter of defense in the nature of ... recoupment,” see DiNorscia v. Tibbett, 124 A.2d 715, 716 (Del.Super.Ct.1956), but as an affirmative claim for relief. The counterclaim specifically requests "judgment against plaintiff in an amount to be determined by a juiy.”

. In Jacobson, we also noted that "compulsory counterclaims benefit from the relation back doctrine.” 2008 SD 19, ¶ 30 n. 7, 746 *385 N.W.2d at 747 n. 7 (citations omitted). However, the question before this Court in Jacobson was whether Leisinger’s defamation claim had accrued or whether a permissive counterclaim would relate back. Id. ¶¶ 19-31, 746 N.W.2d at 744-47. Therefore, any reference in Jacobson to compulsory counterclaims “was mere dicta and not binding as legal precedent in this case.” See Wiersma v. Maple Leaf Farms, 1996 SD 16, ¶5 n. 1, 543 N.W.2d 787, 790 n. 1.

. Our statutes also provide no guidance as to the tolling of statutes of limitation for counterclaims. The only two statutes that mention counterclaims and statutes of limitation are SDCL 15-2-14.1 and SDCL 15-2-14.5. These statutes allow a patient to assert a time-barred counterclaim in the form of a defense to a later timely medical service provider’s claim. This is not a tolling provision as this statute does not allow the time-barred claim to be brought as an action. Rather, this codifies the rule that counterclaims seeking recoupment are "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action is timely.” See Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700-01, 79 L.Ed. 1421 (1935). These amendments represent a narrow, surgical amendment to our medical malpractice limitations law and provide little guidance for this appeal.

. See Wells v. Rockefeller, 728 F.2d 209, 214-16 (3d Cir.1984) (compulsory counterclaims seeking dissolution and accounting and for fraud were barred by statute of limitations); In re Smith, 737 F.2d 1549, 1552-54 (11th Cir.1984) (disallowing time-barred affirmative claim to be brought as counterclaim noting that "this change of labels does not effect a change in the essential character of the action”); Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1027 (7th Cir.1980) ("A counterclaim for affirmative relief may not be asserted if barred by the statute of limitations.”); see also Luckenbach S.S. Co. v. United States, 312 F.2d 545, 551 (2d Cir.1963) ("The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations.”); City of Grand Rapids, Mich. v. McCurdy, 136 F.2d 615, 619 (6th Cir.1943) ("The defense of recoupment exists as long as *387 the plaintiff’s cause of action exists and may be asserted, though the claim as an independent cause of action is barred by limitations.”); Penn. R. Co. v. Miller, 124 F.2d 160, 161-62 (5th Cir.1941) (noting a counterclaim asserting an "affirmative cause of action [] may be barred by limitation”); Williams v. Neely, 134 F. 1, 13 (8th Cir.1904) (same); cf. Durant v. Murdock, 3 App.D.C. 114, 126-28 (D.C.Cir.1894) (“[I]t is not the institution of a suit, but the exhibiting of a cause of action, that determines the application of the statute of limitations, whether it be by amendment of the declaration or bill of complaint ... or by the interposition of a counterclaim!.]”)

. See Religious Tech. Center v. Scott, 82 F.3d 423, 1996 WL 171443, at *8 (9th Cir.1996) (unpublished) (“[A] compulsory counterclaim relates back to the filing of the original complaint.”); Employers Ins. of Wausau v. United States, 764 F.2d 1572, 1576 (Fed.Cir.1985) ("The institution of a plaintiff’s suit suspends the running of limitations on a compulsory counterclaim while the suit is pending.”); Burlington Indus. v. Milliken & Co., 690 F.2d 380, 389 (4thCir.1982) ("Rule 13(a) contains no mention of relation back. Nonetheless, the better view holds that 'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.’ ” (citation omitted)); Canned Foods, Inc. v. United States, 140 F.Supp. 771, 772 (Ct.C1.1956) (same). Some states also follow this rule. See MacDonald v. Riggs, 166 P.3d 12, 17-18 (Alaska 2007) (statute of limitations tolled); Jones v. Mortimer, 28 Cal.2d 627, 633, 170 P.2d 893 (1946) (same); Denton v. Detweiler, 48 Idaho 369, 282 P. 82, 84 (1929) (holding that a counterclaim was not subject to the bar of the statute if it was not barred when the action commenced); Armstrong v. Logsdon, 469 S.W.2d 342, 343 (Ky.1971) (same in tort action); Eagle Sav. & Loan Ass’n v. West, 71 Ohio App. 485, 496, 50 N.E.2d 352, 357 (1942) (same).

. Many states have remedied the ambiguity in this field by enacting statutes specifying how limitations laws apply to counterclaims: Ala. Code 6-8-84 (When defendant pleads counterclaim and plaintiff replies the statute of limitations, "the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action.”); Colo.Rev.Stat. 13-80-109 (extending limitations period for compulsory counterclaims one year after the service of the complaint of opposing party); Conn.Gen.Stat. 52-584 (“[A] counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.”); Ga. Code Ann. 9-3-97 (allowing counterclaims that have not expired at time of the commencement of initial action until the last day upon which the answer or other pleading should have been filed); Haw.Rev.Stat. 657-3 (explaining statutes of limitation applicability to counterclaims); 735 Ill.Comp.Stat. 5/13— 207 ("A defendant may plead a set-off or counterclaim barred by the statute of limitation ... the cause of which was owned by the plaintiff ... before [it] was so barred.”); Kan. Stat.Ann. 60-213(d) (stating that one will not be denied the benefit of a compulsory counterclaim by reason of statutes of limitation); Mich.Comp.Laws 600.5823 (allowing counterclaim to extent of the amount established by plaintiff’s claim unless the counterclaim was barred when plaintiff's claim accrued); N.M.Stat. 37-1-15 (allowing setoff or counterclaim to be pleaded as a defense); N.Y.Limitations Law 203(c)-(d) ("A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed.”); Okla.Stat.Ann. tit. 12, § 2013(C) (specifying when counterclaims are barred by statutes of limitation and the type of relief allowed); Tenn.Code Ann. 28-1-114 (stating that counterclaim not barred by statutes of limitation if it was not barred at the time the claims asserted in the complaint were interposed); Va.Code Ann. 8.01-233 (stating statute of limitations is tolled by commencement of plaintiff’s action as to a compulsory counterclaim); Wis.Stat. 893.14 (tolling limitations upon plaintiff’s commencement of the action in which the defense or counterclaim is made).

.The following states have noted they do not allow counterclaims seeking affirmative relief if the statute of limitations had run before *388 pleading the counterclaim. Duhammel v. Star, 133 Ariz. 558, 653 P.2d 15 (Ariz.Ct.App.1982) (holding that compulsory counterclaim was barred as an action for affirmative relief but would be available for recoupment), overruled on other grounds by Godbehere v. Phoenix Newspapers, Inc., 162 Ariz. 335, 783 P.2d 781 (1989); Brown v. Missouri Pac. Trans. Co., 75 S.W.2d 804 (Ark.1934) (same); DiNorscia v. Tibbett, 124 A.2d 715, 715-17 (Del.Super.Ct.1956) (noting the statute of limitations is clear and includes no exceptions for counterclaims); Freiberger v. Am. Triticale, Inc., 120 Idaho 239, 815 P.2d 437, 439-40 (1991) ("Where the claim of the defendant is an affirmative independent cause of action not in the nature of a defensive claim, the defendant must comply with the applicable statute of limitations.”); Noble v. C.E.D.O., Inc., 374 N.W.2d 734 (Minn.Ct.App.1985) (noting that counterclaims for affirmative relief do not relate back); State ex rel. Egeland v. City Council of Cut Bank, Mont., 245 Mont. 484, 803 P.2d 609, 613 (1990) (counterclaims seeking affirmative relief must comply with statute of limitations); Nev. State Bank v. Jamison Family P’ship, 106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990) (holding that a timely action does not toll the running of statute of limitations for compulsory counterclaims); Pharmaresearch Coip. v. Mash, 163 N.C.App. 419, 426, 594 S.E.2d 148, 153 (N.C.Ct.App.2004) (same); Harmer v. Hulsey, 321 Pa.Super. 11, 467 A.2d 867 (1983) (compulsory counterclaim seeking affirmative relief is subject to statute of limitations); Brown v. Hipshire, 553 S.W.2d 570, 571-72 (Tenn.1977) (same; but see Tenn. Code Ann. 28 — 1— 114 providing that a counterclaim is not barred by statutes of limitations if it was not barred at the time the claims asserted in the complaint were interposed); Hawkeye-Sec. Ins. Co. v. Apodaca, 524 P.2d 874, 879-80 (Wyo.1974) (counterclaims seeking affirmative relief are barred after running of statute of limitations); cf. Biddle v. Biddle, 163 N.J.Super. 455, 395 A.2d 218 (1978) (commencement of action does not toll statute of limitations for cross-claims).

. We have acknowledged that "counterclaims were designed, not only to include recoupment ... at common law, but to enlarge their scope, so that but few cases could arise in which all litigation between the parties ... might not be settled in the same suit.” McHard v. Williams, 8 S.D. 381, 66 N.W. 930, 931 (1896). Recoupment is the "reduction of a plaintiff’s damages because of a demand by the defendant arising out of the same transaction.” Black's Law Dictionary 1280 (7th ed. 1999) (emphasis added). Recoupment is "purely defensive in character and [can] be used only to defeat or diminish plaintiff's recovery.” 6 Wright, Miller & Kane § 1401, at 10. "The recoupment doctrine ... has survived the codification of compulsory counterclaims and enjoys continuing vitality today as a means of asserting an otherwise time-barred counterclaim.” Berger v. City of N. Miami, Fla., 820 F.Supp. 989, 992 (E.D.Va.1993) (citing United States v. Dalm, 494 U.S. 596, 605, 110 S.Ct. 1361, 1367, 108 L.Ed.2d 548 (1990)).

. The facts of this case do not represent the situation where the party asserting the statute of limitations has fraudulently or inequitably invited a party to delay in commencing the action until the limitations period has expired. Murray did nothing to lull Mansheim into inaction until his claim was time-barred. Mansheim simply failed to file a timely action under SDCL 15-2-14. This was undisputed; therefore, equitable tolling and equitable es-toppel are inapplicable.