

FILED

Aug 27 2015, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

James S. Stephenson
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Mario Garcia
Christopher H. Weintraut
Brattain Minnix Garcia
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Denna Delacruz and Barry Barger, <br><br> *Appellants-Plaintiffs/Counterclaim Defendants,* <br><br> v. <br><br> Paul Wittig, <br><br> *Appellee-Defendant/Counterclaimant* | August 27, 2015 <br><br> Court of Appeals Case No. 67A04-1503-CT-127 <br><br> Interlocutory Appeal from the Putnam Circuit Court <br><br> The Honorable Matthew L. Headley, Judge <br><br> Trial Court Cause No. 67C01-1406-CT-212 |

**Crone, Judge.**

## Case Summary

[1]     Reserve Sheriff's Deputies Denna Delacruz and Barry Barger (collectively "the Deputies") were assaulted and suffered injuries during their investigation of a disturbance at a Fourth of July party. They arrested and later filed a tort action against the alleged assailant, Paul Wittig. More than two years after the

incident, Wittig filed a counterclaim alleging that the Deputies used excessive force during his arrest. The Deputies filed a motion to dismiss Wittig's counterclaim as untimely, which the trial court denied. We accepted the Deputies' interlocutory appeal and conclude that Wittig's counterclaim is barred by the two-year statute of limitations. We therefore reverse the trial court's denial of the Deputies' motion to dismiss the counterclaim.

## Facts and Procedural History

On July 4, 2012, Deputy Delacruz was dispatched to a Putnam County residence on a report of an intoxicated party guest having seizures. During her investigation, party guests reported seeing a person underneath her vehicle possibly tampering with her brake lines. She called for backup, and when Deputy Barger arrived the two conferred. While they were doing so, they allegedly were assaulted by Wittig, who was also a guest at the party. Deputy Delacruz sustained abdominal, cervical, and thoracic injuries, as well as injuries to her knee and left shoulder. Deputy Barger suffered facial and knee injuries. The Deputies handcuffed and arrested Wittig at the scene.

In June 2014, the Deputies filed a tort action against Wittig seeking damages for the injuries they sustained during the July 4, 2012 party.[1] In September 2014, Wittig filed an answer and raised a counterclaim pursuant to 42 U.S.C. § 1983, alleging that the Deputies used excessive force during his arrest and failed

---

[1] The Deputies' spouses were parties to the original action as plaintiffs, each seeking damages for loss of consortium. However, the spouses' claims were voluntarily dismissed in December 2014.

to intervene while other party guests used excessive force against him.  In his counterclaim, Wittig sought compensatory and consequential damages as well as attorney fees and a setoff against any damages awarded to the Deputies pursuant to their complaint.

[4]     In November 2014, the Deputies filed a motion to dismiss Wittig's counterclaim as barred by Indiana's two-year statute of limitations for personal injury actions.  The trial court denied the motion without a hearing or findings and certified its order for interlocutory appeal.  We accepted jurisdiction. Additional facts will be provided as necessary.

## Discussion and Decision

[5]     The Deputies maintain that the trial court erred in denying their motion to dismiss Wittig's counterclaim for failure to state a claim upon which relief can be granted.  Ind. Trial Rule 12(B)(6).  We review a trial court's ruling on a Trial Rule 12(B)(6) motion using a de novo standard.  *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010).  This means that we give no deference to the trial court's decision.  *Id*.  "The grant or denial of a motion to dismiss turns only on the legal sufficiency of the [counterclaim] and does not require determinations of fact."  *Id*. at 36-37.  In conducting our review, we test the sufficiency of the allegations with regard to whether they have stated some factual scenario in which a legally actionable injury has occurred.  *Id*. at 37.  We consider the pleadings and reasonable inferences in the light most favorable to the nonmoving party.  *Id*.

[6] The Deputies specifically assert that Wittig's counterclaim is barred by the statute of limitations. In his counterclaim, Wittig alleges that the Deputies subjected him to excessive force during his arrest in violation of 42 U.S.C. § 1983.[2] Claims brought under § 1983 are subject to Indiana's two-year statute of limitations for personal injury actions. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896 (7th Cir. 2001). The statute of limitations for a personal injury claim is two years from the date of accrual. Ind. Code § 34-11-2-4(a). Wittig's September 2014 counterclaim concerns conduct that allegedly occurred at the Fourth of July party in 2012, and thus would appear to be untimely.

[7] Here, the Deputies sought dismissal of Wittig's counterclaim as untimely. Indiana Trial Rule 13 governs counterclaims. Sections (A) and (B) of the rule distinguish between those counterclaims arising out of the "same transaction or occurrence" that is the subject matter of the opposing party's claim (compulsory counterclaims) and those not arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim (permissive counterclaims). This Court has held that the phrase "transaction or occurrence" is to be broadly defined as "a logical relationship" between the two

---

[2] 42 U.S.C. Section 1983 states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress ….

causes of action, meaning that they arise from the same "aggregate of operative facts." *Bacompt Syst., Inc. v. Ashworth*, 752 N.E.2d 140, 144 (Ind. Ct. App. 2001) (citations omitted), *trans. denied* (2002).[3] Wittig's counterclaim arose from the same aggregate of operative facts or occurrence, i.e., the July 4 party, and is therefore a compulsory counterclaim.

[8] Counterclaims are also categorized according to the nature of the relief sought. A counterclaim for affirmative relief is one that could have been maintained independently of the plaintiff's action. *York Linings Int'l, Inc. v. Harbison-Walker Refractories Co.*, 839 N.E.2d 766, 771 (Ind. Ct. App. 2005). In contrast, a counterclaim in recoupment is defensive in posture. *Id.* at 769. Recoupment has been defined as

> 1. The recovery or regaining of something, esp. expenses. 2. The withholding, for equitable reasons, of all or part of something that is due. 3. Reduction of a plaintiff's damages because of a demand by the defendant arising out of the same transaction. 4. The right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction. 5. An affirmative defense alleging such a breach.

BLACK'S LAW DICTIONARY 1302 (8th ed. 2004) (internal citations omitted).

---

[3] In applying a broad definition of "transaction or occurrence," we effectuate Trial Rule 13's "intended purpose of avoiding multiple lawsuits between the same parties arising from the same event[s]." *Bacompt Syst.*, 752 N.E.2d at 144 (citations omitted).

[9] Wittig admits that he could have filed his counterclaim as an independent action. *See* Appellee's Br. at 5 ("Wittig's Section 1983 counterclaim could have been brought independently within the limitations period."). For whatever reason, he did not file an independent § 1983 action before the Deputies filed their action. To the extent that Wittig now characterizes his counterclaim as merely recoupment or setoff, we note that the nature of the damages he seeks via his counterclaim (compensatory and consequential damages plus attorney fees) is more indicative of an affirmative counterclaim rather than simply a claim in recoupment. Moreover, the record is devoid of information indicating that the Deputies owed any unrelated obligations to Wittig that would be subject to setoff. *See Bacompt Syst.*, 752 N.E.2d at 144 (setoff is a form of permissive counterclaim that does not arise out of same operative facts as opposing party's complaint).

[10] Notwithstanding, Trial Rule 13(J) operates to salvage certain counterclaims that otherwise would be time-barred, stating in pertinent part,

> The statute of limitations, a nonclaim statute or other discharge at law shall not bar a claim asserted as a counterclaim to the extent that ... (1) it *diminishes or defeats* the opposing party's *claim* if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred[.]

(Emphases added). "[Trial Rule] 13(J)(1) presupposes a time-barred claim and does not address the issue of whether a claim is time-barred." *Crivaro v. Rader*, 469 N.E.2d 1184, 1186 (Ind. Ct. App. 1984), *trans. denied* (1985).

[11] Jurisdictions that have addressed the accrual date of counterclaims have taken two different approaches: (1) those that require strict adherence to the statutes of limitation by all claimants, meaning that counterclaims accrue on the same date as the plaintiff's claim;[4] and (2) those that adopt a "tolling" rule, meaning that the statute of limitations with respect to the counterclaim is tolled by the filing of the original complaint.[5]

[12] In *Crivaro*, another panel of this Court adopted the former approach, declining the invitation to adopt a "tolling" rule that would essentially grant the counterclaimant additional time for asserting a counterclaim. 469 N.E.2d at 1186-87. Instead, the *Crivaro* court recognized that Trial Rule 13 is a procedural rule rather than a tolling rule and emphasized the need for strict adherence to

---

[4] *See, e.g.*, *Murray v. Mansheim*, 779 N.W.2d 379, 390 (S.D. 2010) (disallowing compulsory counterclaims seeking affirmative relief where limitations period had expired); *Duhammel v. State*, 653 P.2d 15, 16-17 (Ariz. App. 1982) (affirming trial court's dismissal of counterclaim allegations seeking affirmative relief for libel and slander where counterclaim was filed after one-year statute of limitations expired), *overruled on other grounds*; *Pharmaresearch Corp. v. Mash*, 594 S.E.2d 148, 153-54 (N.C. App. 2004) (holding defendant's counterclaims barred by statute of limitations and did not relate back to date plaintiff filed action), *review denied*.

[5] *See, e.g.*, *Doxey-Layton Co. v. Clark*, 548 P.2d 902, 906 (Utah 1976) (holding that where counterclaim arises out of same transaction alleged in plaintiffs' complaint is not barred by a running of the statute of limitations thereafter; rather, statute of limitations is suspended until counterclaim is filed); *Unnever v. Stephens*, 236 S.E.2d 886, 888 (Ga. App. 1977) (applying view that institution of plaintiff's action tolls or suspends running of statute of limitations governing a compulsory counterclaim); *Armstrong v. Logsdon*, 469 S.W.2d 342, 343 (Ky. App. 1971) (holding that when plaintiff files timely action, he effectively tolls running of statute of limitations for that occurrence, meaning no justification for barring defendant's counterclaim arising from that occurrence).

Indiana's statutes of limitation as legislated, concluding, "Our concern for strict adherence to the limitations statute by all claimants seeking relief and our recognition of the legislative prerogative override any justification asserted for extending the life of a counterclaim." *Id.* at 1187. The Indiana Tax Court followed suit in *Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Daugherty*, rejecting the counterclaimant's argument that Trial Rule 13 tolls the statute of limitations for a counterclaim seeking affirmative relief and affirming the probate court's determination that the counterclaim was time-barred under the probate code's statute of limitations. 938 N.E.2d 315, 320 (Ind. T.C. 2010), *review denied* (2011).[6]

[13] Wittig does not appear to dispute that his counterclaim accrued as of the date of the incident but rather asserts that his otherwise time-barred counterclaim is rescued by Indiana Trial Rule 13(J)(1). In other words, he maintains that his counterclaim diminishes or defeats the Deputies' personal injury claims. We fail to see how. The undisputed facts indicate law enforcement personnel were assaulted while conducting their investigation and attending to an inebriated guest who was experiencing seizures. Wittig's counterclaim of excessive force focuses on the Deputies' alleged conduct during his arrest. Although both the

---

[6] *See also Barnard v. Knox/Winamac Cmty. Health Ctrs.*, Cause No. 3:13-CV-387 RLM, 2015 WL 1538820, slip op. at *2 (N.D. Ind. Apr. 7, 2015) (holding that counterclaims for defamation and tortious interference constituted distinct affirmative claims for relief, not claims for recoupment, and thus were time-barred under Indiana Trial Rule 13(J)(1)); *Chauffeurs, Teamster, Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co.*, 473 F. Supp. 1255 (S.D. Ind. 1979) (applying federal decisional counterpart to Indiana Trial Rule 13(J)(1) and holding that although defendant did not designate its answer as counterclaim, it attempted to raise as defenses claims actually constituting requests for affirmative relief which were time-barred and not rescued by the trial rule).

Deputies' claim and his counterclaim arose during the same general occurrence, the party, Wittig never claimed self-defense to the assault itself, and he did not allege facts in his counterclaim to indicate how his success on his § 1983 claim of excessive force during arrest would diminish or defeat the Deputies' ability to establish liability on their primary claim of assault. As discussed, he admits that he could have filed his counterclaim as an independent action but did not do so. Thus, the counterclaim is clearly an affirmative one and not one merely one that seeks recoupment or setoff. Yet, in his brief, he argues that any damages he recovers against the Deputies on his counterclaim will "diminish or defeat" the damage award on their assault claim. The same could be said concerning all counterclaims for recoupment. This is why the rule salvages counterclaims in recoupment and not counterclaims such as Wittig's that seek affirmative relief. For affirmative counterclaims, Trial Rule 13(J)(1) simply does not operate to toll the statute of limitations. *Crivaro*, *supra*; *Estate of Daugherty*, *supra*.

[14] In sum, Wittig's counterclaim was untimely filed and does not otherwise qualify for exemption under Trial Rule 13(J)(1). As such, it was time-barred and subject to dismissal. Based on the foregoing, we conclude that the trial court erred in denying the Deputies' motion to dismiss the counterclaim pursuant to Trial Rule 12(B)(6). Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

May, J., and Bradford, J., concur.