# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2017, 6:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Edward P. Grimmer
Daniel A. Gohdes
Edward P. Grimmer, P.C.
Crown Point, Indiana

ATTORNEY FOR APPELLEES

David J. Beach
Eichhorn & Eichhorn, LLP
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cathy M. Djuric,

*Appellant-Defendant/Counter-Plaintiff,*

v.

Levy & Dubovich,

*Appellee-Plaintiff/Counter-Defendant,*

and

Judith A. Levy-Adler and
Debra Lynch Dubovich,

*Appellees-Third-Party Defendants*

November 16, 2017

Court of Appeals Case No.
45A05-1707-CC-1699

Appeal from the Lake Superior
Court

The Honorable John M. Sedia,
Judge

Trial Court Cause No.
45D01-1501-CC-5

**Baker, Judge.**

[1] Cathy Djuric appeals the trial court's order granting summary judgment in favor of Levy & Dubovich (the Law Firm) on the Law Firm's complaint against Djuric and in favor of the Law Firm, Judith Levy-Adler, and Debra Dubovich on Djuric's counterclaim and third-party complaint against those parties. Djuric argues as follows: (1) the trial court erred by finding as a matter of law that the attorney fee agreement between Djuric and the Law Firm was not orally modified; and (2) the trial court erred by finding that Djuric's legal malpractice claims in the counterclaim and third-party complaint are time-barred. Finding no error, we affirm.

## Facts

[2] In August 2009, Djuric filed a petition to dissolve her marriage. On October 12, 2009, Djuric entered into an Attorney Fee Agreement with the Law Firm to represent her in the dissolution proceedings. Among other things, Djuric agreed to pay $250 per hour for the work of Levy-Adler as well as a $5,000 retainer. The Agreement explicitly states that "I understand that, even though we may seek to have the opposing party pay my attorney fees and costs or a portion thereof, I am primarily responsible for the payment of the attorney fees and costs." Appellant's App. Vol. II p. 74. Djuric agreed that she would receive monthly billing statements and pay the balance of fees and costs owed on a monthly basis. The Agreement stated that "the law firm reserves the right to withdraw as my attorney after ten (10) days written notice to me at the last address I have provided, in writing. The law firm reserves the right to withdraw as my attorney with, or without just cause." *Id.* at 75. Finally, the Agreement's

modification clause provides that "[t]his agreement shall only be modified in writing signed by both myself and my attorney" and an integration clause states that "I acknowledge that there are no other fee agreements, written or verbal, between myself and the attorney." *Id.* Djuric and Levy-Adler each signed the Agreement.

[3] The dissolution proceedings were contentious. After three mediation sessions, Djuric and Levy-Adler believed they had reached an agreement in principle but Djuric's ex-husband made additional demands, causing Djuric to become upset with Levy-Adler. In July 2011, Levy-Adler advised Djuric that she should withdraw if Djuric had doubts about her representation. The following week, Djuric continued expressing doubts about Levy-Adler's representation, so on July 20, 2011, Levy-Adler informed Djuric over the phone and in writing that she was giving notice of her intent to withdraw in ten days. Levy-Adler had concluded that her relationship with Djuric had deteriorated to the point that she could no longer provide effective representation.

[4] On August 5, 2011, Levy-Adler filed a motion to withdraw her appearance in the dissolution proceedings. Djuric did not object. On August 9, 2011, the trial court granted the motion to withdraw. Djuric obtained new counsel, who first appeared on August 29, 2011. Her new attorney did not object to Levy-Adler's withdrawal or ask the trial court to reconsider the order granting leave to withdraw. The trial court entered an order of final disposition in the dissolution proceedings on October 21, 2011, and Djuric did not appeal that order or the order granting Levy-Adler's motion to withdraw.

On January 16, 2015, the Law Firm filed a complaint against Djuric, seeking to collect unpaid legal fees. As of October 31, 2014, Djuric allegedly owed over $30,000 in legal fees to the Law Firm. Throughout the Law Firm's representation of Djuric, the only payment she made was the initial retainer of $5,000. Djuric eventually claimed that Levy-Adler modified the contract with multiple verbal assertions along the following lines: "Don't worry, the amount [of fees owed] is inflated and I will recover the fees from your husband." Appellant's Br. p. 14. Following the mediation hearing, Djuric claims that Levy-Adler "again reassured me she would still collect all attorney fees from my ex-husband and whatever was collected from him would be accepted as complete payment for my attorney expenses." Appellant's App. Vol. II p. 88.

On February 24, 2015, Djuric filed an answer, counterclaim, and third-party complaint against Levy-Adler and Debra Dubovich (another attorney with the Law Firm). In her answer, Djuric denied the allegations of the complaint and raised, among others, the following affirmative defenses:

- the Law Firm breached the Agreement by, among other things, "fail[ing] to provide legal services in conformity with generally accepted standard of professional care";
- the Law Firm breached the Agreement by "abandon[ing]" Djuric shortly before the final hearings;
- the Agreement violated the Professional Conduct Rules; and
- Djuric has a right of setoff against any amount she might owe for the damages she allegedly suffered as a result of the Law Firm's "breach of contract, abandonment, and negligence." *Id.* at 23-24.

In her counterclaim and third-party complaint, Djuric raised the following claims:

- The Law Firm and Levy-Adler breached the standard of care owed to Djuric and Djuric was damaged as a result.
- The Law Firm and Levy-Adler breached their contractual duties to Djuric by "[a]bandon[ing] their contractual duty of representation at a time that placed [] Djuric in peril and danger" and by "[e]ngaging in a fraudulent and deceptive pattern of conduct in their performance of the contract terms . . . ." *Id.* at 25.

On February 28, 2017, the Law Firm filed a motion for summary judgment, seeking summary judgment in its favor on the complaint and counterclaim and in favor of Levy-Adler and Dubovich on the third-party complaint. On April 19, 2017, Djuric filed a motion opposing summary judgment on the third-party complaint and counterclaim and seeking summary judgment in her favor on the complaint.

[7] On July 10, 2017, the trial court ruled in favor of the Law Firm, Levy-Adler, and Dubovich, granting summary judgment in their favor. In relevant part, the trial court found as follows:

> [The Law Firm] demonstrated the absence of any genuine issue of fact on Djuric's breach of contract claim: statements were sent to Djuric as provided in the Contract and no evidence was presented that Djuric disputed any of them in writing as provided in the Contract. Djuric came forward with contrary evidence that she and Levy-Adler verbally modified the contract by asserting in her affidavit that Levy-Adler told her that she would not be responsible for her fees and that Levy-Adler would obtain her fees from Djuric's husband.

The Contract provided in its penultimate section that it could be modified only in writing and signed by both Levy-Adler and Djuric. No evidence was designated by Djuric that the Contract was modified in writing. Even presuming that the oral modification could supersede this section of the contract, the modification itself, because it is also a contract, requires all of the requisite elements of a contract. One element that Djuric must satisfy is that the modification to the Contract was supported by adequate consideration. Djuric's affidavit asserts nothing more than an unenforceable promise by Levy-Adler with no consideration whatsoever. There was no oral modification of the contract.

Djuric's claim of improper withdrawal also fails. . . . Djuric is precluded from pursuing the propriety of Levy-Adler's withdrawal because (whether the doctrine is styled claim preclusion, collateral estoppel or res judicata) she had the opportunity to do so after Levy-Adler filed her Motion to Withdraw and before, or even after, the Order approving the Motion. All issues surrounding the propriety of Levy-Adler's withdrawal as Djuric's attorney were adjudicated in the August 9, 2011 Order. For this Court to second-guess this Order would amount to an impermissible collateral attack upon it. If there were any violation of the Rules of Professional Conduct . . . the proper forum for a determination of any such violation is the Indiana Attorney Disciplinary Commission, not this Court.

Finally, Djuric's claim for legal malpractice was required by IC 34-11-2-4 to be filed within two years of the time her cause of action accrued. Levy-Adler, Dubovich and [the Law Firm] provided no legal services to Djuric after August 9, 2011. Djuric's counterclaim and third-party claims were filed on February 24, 2015. . . . The claim was filed long after the period of limitations had run.

*Id.* at 13-14 (internal citations omitted). The trial court entered judgment in favor of the Law Firm in the amount of $30,252.95 plus 8% interest. Djuric now appeals.

# Discussion and Decision

[8] Djuric argues that the trial court erred by granting summary judgment in favor of the Law Firm, Levy-Adler, and Dubrovich. Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

# I. Fee Agreement Modification

[9] Djuric first argues that the trial court erred by finding that there was no oral modification of the Attorney Fee Agreement. When interpreting a contract, it is well established that "'[c]lear and unambiguous terms in the contract are deemed conclusive, and when they are present we will not construe or look to

extrinsic evidence, but will merely apply the contractual provisions.'" *AM Gen., LLC v. Armour*, 46 N.E.3d 436, 440 (Ind. 2015) (quoting *Ryan v. Ryan*, 972 N.E.2d 359, 364 (Ind. 2012)).

[10] Initially, we acknowledge that the Attorney Fee Agreement contains a clause requiring that any modification of that agreement must be in writing. Appellant's App. Vol. II p. 75. Our Supreme Court has held, however, that "'[e]ven a contract providing that any modification . . . must be in writing, nevertheless may be modified orally.'" *Id.* at 443 n.3 (quoting *Sees v. Bank One, Ind., N.A.*, 839 N.E.2d 154, 161 (Ind. 2005)). Consequently, the existence of the modification clause does not end our inquiry.

[11] Assuming solely for argument's sake that the oral agreement occurred as Djuric contends and that the oral modification could supersede the modification clause, we must determine whether that oral modification bears all the requisite elements of a contract. *Id.* at 443. Specifically, we must consider whether there is adequate consideration supporting that modification.

[12] As noted above, Djuric claims that throughout Levy-Adler's representation of her, Levy-Adler stated that she would collect any attorney fees owed from Djuric's then-husband. Specifically, Djuric describes their conversations as follows:

> On more than a few occasions, including telephone conversations and while we sat in mediation sessions, Attorney Levy Adler told me, I would not be responsible for her fees, that she would get her fees from my then husband . . . . I told her I

did not know what the fees were, and she reaffirmed, that I was not to worry, she would get them from [the husband].

During . . . some of those comments she said the fees and hours were inflated, so she had some room to bargain on the amount.

Appellant's App. Vol. II p. 116.

[13] Djuric argues that the consideration supporting the alleged oral modification was her agreement to continue the attorney-client relationship rather than terminating it. We cannot agree. The original bargained-for agreement provided that, in exchange for the provision of legal services, Djuric would pay the agreed-upon fees and costs. Continuing to accept those same legal services cannot constitute new and independent consideration supporting the alleged modification. *See, e.g.*, *Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 770-71 (Ind. Ct. App. 2010) (noting that if contracting party had assumed certain duties as consideration for original agreement, a subsequent promise to fulfill those same duties cannot constitute adequate independent consideration for an alleged modification of the contract). We agree with the trial court that Djuric's assertions amount to claims of an unenforceable promise supported by no consideration whatsoever. Consequently, the trial court did not err by finding as a matter of law that there was no enforceable oral modification of the Attorney Fee Agreement. As this is the only argument made by Djuric regarding the trial court's grant of summary judgment on the Law Firm's

complaint against her,[1] we find that the trial court did not err by granting summary judgment in favor of the Law Firm on its complaint.

## II. Legal Malpractice Claim

Next, Djuric argues that the trial court erred by finding that her legal malpractice claims, which were included in both her counterclaim and third-party complaint, were barred by res judicata[2] and the relevant statute of limitations.

There is a two-year statute of limitations for legal malpractice claims, Ind. Code § 34-11-2-4, and it is undisputed that Djuric filed her legal malpractice claims several years outside of that window. Djuric argues that Indiana Trial Rule 13(J) permits her to raise her claims at this late date.

In relevant part, Trial Rule 13(J) provides that a statute of limitations "shall not bar a claim asserted as a counterclaim to the extent that (1) it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred . . . ." In interpreting Trial Rule 13(J), this Court has distinguished between counterclaims in recoupment and counterclaims that

---

[1] The trial court's order did not address any of the affirmative defenses raised by Djuric aside from breach of contract, nor does she address them on appeal.

[2] Because we find the statute of limitations to be dispositive, we will not address the trial court's conclusion regarding res judicata.

seek affirmative relief. *See Delacruz v. Wittig*, 42 N.E.3d 557, 560-62 (Ind. Ct. App. 2015), *trans. denied*. We have held that where a counterclaim could have been filed as an independent action and seeks affirmative relief (as opposed to merely seeking recoupment or setoff), Trial Rule 13(J) "simply does not operate to toll the statute of limitations." *Id.* at 562.

[17] Here, in Djuric's counterclaim and third-party complaint, she alleged that the Law Firm, Levy-Adler, and Dubrovich committed legal malpractice. As compensation for the malpractice, Djuric requested both "damages in offset to the fees sued upon" *and* compensatory damages. Appellant's App. p. 25. As in *Delacruz*, Djuric could have filed a legal malpractice claim as an independent action; likewise, her claim sought affirmative relief (compensatory damages) as opposed to mere recoupment or setoff.[3]

[18] Furthermore, the legal malpractice claims do not "diminish or defeat" the Law Firm's claim for breach of contract. In other words, whether Levy-Adler, Dubrovich, or any other attorney committed legal malpractice does not affect the Law Firm's ability to establish liability on its primary claim that Djuric owes money based on the Attorney Fee Agreement.[4] Under these

---

[3] Djuric makes no argument on appeal regarding her legal malpractice affirmative defense to the Law Firm's complaint.

[4] Indeed, the independence of the complaint and Djuric's legal malpractice claim is illustrated by her summary judgment motion, in which she asserts that (1) she is entitled to judgment as a matter of law on the Law Firm's complaint; and (2) even if judgment were entered in her favor on the complaint, her counterclaim (and, presumably, third-party complaint) would survive for trial. Appellant's App. Vol. II p. 111-12.

circumstances, we find that Trial Rule 13(J) does not salvage Djuric's untimely legal malpractice claims. Consequently, the trial court did not err in granting summary judgment in favor of the Law Firm, Levy-Adler, and Dubrovich on the third-party complaint and counterclaim.

[19] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.